# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA MOBILITY, LLC,<br><br>Defendant. | Civil Action No.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Motorola Mobility, LLC ("Motorola"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Motorola is a Delaware corporation having a regular and established place of business in Chicago, Illinois. Motorola offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in this judicial district. Motorola may be served with process through its registered agent in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Motorola.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b).

**COUNT I**
(INFRINGEMENT OF U.S. PATENT NO. 6,161,134)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,161,134 ("the '134 Patent"), entitled METHOD, APPARATUS AND COMMUNICATIONS SYSTEM FOR COMPANION INFORMATION AND NETWORK APPLIANCES that issued on December 12, 2000. A true and correct copy of the '134 Patent is attached as Exhibit A hereto.

9. Uniloc USA is the exclusive licensee of the '134 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

10. Motorola manufactures, uses, sells, offers for sale and/or imports into the United States electronic devices such as smartphones, tablets and watches, including those designated Moto X4, Moto G5S Plus, Moto G5S, Moto Z2 Force, Moto E4 Plus, Moto E4, Moto Z2 Play, Moto C Plus, Moto C, Moto G5 Plus, Moto G5, Moto M, Moto E3 Power, Moto Z Play, Moto E3, Moto Z Force, Moto Z, Moto G4 Plus, Moto G4, Moto G4 Play, Moto G Turbo, Moto X Force, Droid Turbo 2, Droid Maxx 2, Moto X Style, Moto X Play, Moto Maxx, Droid Turbo, Nexus 6, Moto X, Moto G, Moto G 4G, Luge, Moto E, Moto G, Moto X, Droid Ultra, Droid Maxx, Droid Mini, Razr D3, Razr D1, Electrify M, Razr I, Droid Razr Maxx HD, Droid Razr

HD, Razr HD, Droid Razr M, Razr M, Defy XT, Electrify 2, Photon Q, Atrix HD, Xoom 2, Xoom Media, Moto XT882, Moto X Pure Edition, New Moto X by Motorola, Moto Z2 Force Edition, Moto Z2 Play, Moto Z Force Droid, Moto Z, Moto Z Droid, Moto Z Play, Moto Z Play Droid, Moto 360, Moto 360 Sport, Moto 360 2d Generation that run Android 4.0.3 or later versions and allow a user to wirelessly (via WiFi or Bluetooth®) pair a smartphone/tablet with a wearable, such as a watch, and to make telephone calls from the wearable using the smartphone/tablet cellular telephone capabilities ("Accused Infringing Devices").

11. Motorola has directly infringed, and continues to directly infringe, one or more claims of the '134 Patent in the United States during the pendency of the '134 Patent, including at least claims 1, 11, 15, 24 and 27-28 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

12. Should use of the Accused Infringing Devices be found to not literally infringe the asserted claims of the '134 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the '134 Patent. More specifically, the Accused Infringing Devices perform substantially the same function (transmitting data from devices such as a Motorola Moto 360 smart watch), in substantially the same way (using the WiFi or Bluetooth® capabilities of a device such as a cellphone or Motorola smart watch), to yield substantially the same result (providing telephony capability to devices such as Motorola smart watches). Motorola would thus be liable for direct infringement under the doctrine of equivalents.

13. Motorola has indirectly infringed, and continues to indirectly infringe, at least claims 1, 11, 15, 24 and 27-28 of the '134 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing

Devices having the functionality described in this Count. Motorola's customers who use such devices in accordance with Motorola's instructions directly infringe claims 1, 11, 15, 24 and 27-28 of the '134 Patent in violation of 35 U.S.C. § 271. Motorola directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.motorola.com, including:

    motorola.com/us/products/

    motorola.com/us/software-and-apps/

    motorola-global-portal.custhelp.com

    download.lenovo.com

- https://mobilesupport.lenovo.com/us/en/products/
- https://motorola-mobility-en-in.custhelp.com/app/home/
- www.youtube.com, including:

    www.youtube.com/user/motorola

    www.youtube.com/watch?v=rfcJKYGPdvo

    www.youtube.com/watch?v=ICvc4TA0IK4

    www.youtube.com/watch?v=ZinkKzT5HQo

    www.youtube.com/user/Motorola

Motorola is thereby liable for infringement of the '134 Patent under 35 U.S.C. § 271(b).

14.     Motorola has indirectly infringed, and continues to indirectly infringe, at least claims 1, 11, 15, 24 and 27-28 of the '134 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell,

selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '134 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

15. Motorola will have been on notice of the '134 Patent since, at the latest, the service of this complaint upon Motorola. By the time of trial, Motorola will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1, 11, 15, 24 and 27-28 of the '134 Patent.

16. Motorola may have infringed the '134 Patent through other devices and software utilizing the same or reasonably similar functionality. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

17. Uniloc has been damaged by Motorola's infringement of the '134 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Motorola as follows:

(A) declaring that Motorola has infringed the '134 Patent;

(B) awarding Uniloc its damages suffered as a result of Motorola's infringement of the '134 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D) granting Uniloc such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: November 15, 2017 | **O'KELLY ERNST & JOYCE, LLC** |

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
Daniel P. Murray (No. 5785)
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Tel: (302) 778-4000
Fax: (302) 295-2873
Email: sokelly@oelegal.com
Email: dmurray@oelegal.com

Of Counsel:

Paul J. Hayes
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com

**ATTORNEYS FOR THE PLAINTIFFS**