## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., | Civil Action No. 1:17-cv-01658-CFC |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| MOTOROLA MOBILITY, LLC, | |
| Defendant. | |

## STIPULATED [PROPOSED] PROTECTIVE ORDER

This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and governs any Discovery Materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—TECHNICAL, or HIGHLY CONFIDENTIAL—SOURCE CODE, as those terms are defined below, furnished by Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Plaintiffs") or Motorola Mobility, LLC ("Defendant") (each hereinafter a "Party") to any other Party in the above captioned and numbered case (the "Litigation"). This Protective Order further applies to any non-party ("Third Party") that produces documents or things in connection with this Litigation regardless of whether such production is made pursuant to subpoena.

This Order shall be binding upon the parties and their attorneys, successors, legal representatives, assigns, affiliates, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

1. **Purposes and Limitations.**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this Litigation and shall not be used directly or indirectly for any other purpose whatsoever, including other litigations between the Parties.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all Receiving Parties that it is withdrawing or changing the designation, and provide replacement materials with the appropriate designation.

2. **Definitions.**

(a)     "Litigation" or "this Litigation" means the above captioned case.

(b)     "Discovery Material(s)" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(c)     "Outside Counsel" means (i) counsel of record for a Party and (ii) partners, associates, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for this Litigation.

(d)     "Party" means any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

2

(e)     "Producing Party" or "Designating Party" means a Party to this Litigation, or any Third Party, on behalf of which documents, things, or information are furnished, produced, or disclosed, whether voluntarily or in response to a request for discovery or by court order, during the course of this Litigation.

(f)     "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during the course of this Litigation.

(g)     "Protected Material" means any Discovery Material that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE, as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been published or publicly disseminated; or (ii) materials that show on their face they have been disseminated to the public.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

(i)     "Asserted Patent" means U.S. Patent No. 6,161,134. If Plaintiffs amend their complaint to include infringement counts as to additional asserted patent(s), the term "Asserted Patents" shall also encompass the later-asserted patent(s).

3. **Discovery Material Designated as CONFIDENTIAL.**

(a)     A Producing Party may designate Discovery Material as CONFIDENTIAL if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Discovery Material designated as CONFIDENTIAL may be disclosed only to the following:

3

(i)      Outside Counsel;

(ii)     The Court, including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Litigation is pending, and qualified court reporters;

(iii)    Consultants or experts and their staff retained by any of the parties or their counsel to consult or testify in the case, approved under the process set forth in Paragraph 11, excluding employees, officers or directors of a named party;

(iv)     Persons reflected as authors or drafters of the Protected Material on the face of the document;

(v)      Third-party contractors and their employees employed by either Party or their Outside Counsel for document management or copying services for this Litigation;

(vi)     Third-party contractors and their employees involved in graphics or design services retained by either Party or their counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this Litigation;

(vii)    Third-party contractors and their employees involved in jury or trial consulting or technical services retained by a Party or their counsel in this Litigation;

(viii)   In connection with a deposition or hearing: current employees of the Producing Party; experts retained by the Producing Party for the case; any

witness designated to testify pursuant to Fed. R. Civ. P. 30(b)(6) by the Producing Party; and

(ix)      For each party to this Litigation, employees of the Receiving Party, including in-house counsel, involved in this Litigation having a need to know the information in connection with the prosecution or defense of this Litigation, who have reviewed this Protective Order and executed the Acknowledgement of Protective Order attached as Exhibit A prior to receiving designated material marked CONFIDENTIAL, and who have been disclosed to the Producing Party; and

(x)      Any other person authorized to receive CONFIDENTIAL designated material by order of the Court or by written agreement of the Parties.

**4.   Discovery Material Designated as HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY.**

(a)      A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY designation: trade secrets; research and development, and pending but unpublished patent applications; commercially sensitive competitive information; commercial agreements, license agreements, settlement agreements, or settlement communications; pricing information; financial data; sales information; sales or marketing forecasts or plans; business plans; sales or marketing strategy; product development information; engineering documents; testing documents;

employee information; and other non-public information of similar competitive and business sensitivity.

(b)     A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—TECHNICAL if it is directed to technical information, but excluding financial data or non-technical business information.

(c)     Discovery Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—TECHNICAL may be disclosed only to the following persons, subject to the terms of Paragraphs 6 and 11:

(i)      Persons identified in Paragraphs 3(b)(i)-(viii); and

(ii)     Any other person authorized to receive HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY designated material by order of the Court or by written agreement of the Parties.

5.   **Discovery Material Designated as HIGHLY CONFIDENTIAL—SOURCE CODE.**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the Litigation, a Producing Party may designate Source Code as HIGHLY CONFIDENTIAL—SOURCE CODE.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Discovery Material designated as HIGHLY CONFIDENTIAL—SOURCE CODE may be disclosed only to the following:

(i)     The persons described in Paragraphs 3(b)(i)–(ii), (iv), persons described in Paragraph 3(b)(viii) above who have opined on source code in this Litigation or have been designated to testify on Rule 30(b)(6) topics relating to the source code, and individuals who are shown to be the authors of or to have previously reviewed the given source code;

(ii)     Up to three (3) consultants or experts—and their support personnel—retained for the purpose of this Litigation and approved pursuant to the procedures set forth in Paragraph 11; and

(iii)     Any other person authorized to receive HIGHLY CONFIDENTIAL—SOURCE CODE designated material by order of the Court or by written agreement of the Parties.

(d)     Discovery Material designated as HIGHLY CONFIDENTIAL—SOURCE CODE shall also be subject to the provisions set forth in Paragraphs 6 and 10.

**6.     Prosecution and Acquisition Bar.**

(a)     Patent Prosecution Bar. Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated HIGHLY CONFIDENTIAL – SOURCE CODE or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—TECHNICAL (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not assist in the preparation or prosecution of any patent application relating to exchanging data between a portable device and telephone on behalf of either Plaintiff, or its acquirer, successor, predecessor, or other affiliate, before any foreign or domestic agency, including the United States Patent and Trademark Office. To ensure compliance with the purpose

of this provision, each party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE TECHNICAL MATERIAL in accordance with this Order, and any individuals who, on behalf of Plaintiffs or their acquirer, successor, predecessor, or other affiliate, prepare, supervise, or assist in the preparation or prosecution of any patent application relating to the accused functionalities as described above. These prohibitions shall not preclude Plaintiffs' litigation counsel from participating in any *inter partes* review proceedings. However, if and when claim amendments are considered in such an *inter partes* review, Plaintiffs' litigation counsel participating in that *inter partes* review must at that time either end their involvement in that *inter partes* proceeding or request leave of court to continue their participation in that proceeding. Litigation counsel who are the subject of such a request shall not provide input on any proposed claim amendments while the motion for leave is pending, and the Producing Party will agree to reasonable measures to expedite consideration of that motion (such as an expedited briefing schedule that allows for at least one week for the filing of an opposition).  If leave of court is granted, then Plaintiffs' litigation counsel may continue to represent Plaintiffs in the litigation and the *inter partes* proceeding at issue, even though amendments are considered. If leave is denied, then those counsel with access to HIGHLY SENSITIVE TECHNICAL MATERIALS shall withdraw from representation in, and shall not provide any input concerning, that *inter partes* review. The prohibitions of this paragraph shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one (1) year after dismissal of this Litigation, or the final non-appealable termination of this Litigation.

(b)      Patent Acquisition Bar: Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact

receives any of Defendant's materials designated HIGHLY CONFIDENTIAL – SOURCE CODE or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—TECHNICAL (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not advise, counsel, participate, or assist in the acquisition of any patents or patent applications on behalf of either Plaintiff, or its acquirer, successor, predecessor, or other affiliate, that relate to the subject matter of exchanging data between a portable device and telephone. For the avoidance of doubt, the "acquisition" of patents under this section includes any analysis or evaluation of patents for the purposes of evaluating whether, or for what price, to acquire them. These prohibitions shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one (1) year after dismissal of this Litigation, or the final non-appealable termination of this Litigation.

      **7.**     **<u>Scope.</u>**

      (a)     The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

      (b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

      (c)     Nothing in this Order shall be construed to prejudice any Party's right to use Protected Material in Court or in any court filing provided such use is consistent with the terms of this Order.

(d)     This Order is without prejudice to the right of any Party, for good cause shown, to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**8.     Designating Protected Material.**

(a)     Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE.

(b)     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

(c)     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, a Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix one of the applicable legends—CONFIDENTIAL, HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL–SOURCE CODE—to each page. For documents

produced natively (e.g., Excel spreadsheets or PowerPoint slides), the Producing Party shall affix one of the applicable legends to the corresponding slipsheet.

(ii)      for testimony given in deposition or other pretrial or trial proceedings that the Designating Party identify on the record or up to thirty calendar days after receipt of the final transcript, that the transcript shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect the designation of the exhibit. If Protected Material is being discussed on the record, the resulting testimony shall be likewise designated unless otherwise agreed in writing or on the record. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Until expiration of the twenty-one-day period, the deposition testimony and resulting transcript shall be treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY.

(iii)      for information produced in some form other than documentary evidence, including other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL —SOURCE CODE.

9.      **Access To and Use of Protected Material.**

(a)     <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material designated HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE shall be stored within the United States.

(b)     <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Litigation based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(c)     <u>Filing Under Seal.</u> Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. Documents filed under seal must be filed in accordance with Local Rule 5.1.3.

(d)     <u>Limitations.</u> Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with written consent of the Producing Party; or (v) pursuant to order of the Court.

10.     __Disclosure and Review of Source Code.__

(a)     Properly discoverable Source Code shall be made available for inspection in electronic format at the office of the Producing Party's Outside Counsel. Source Code will be made available for inspection between the hours of 9 a.m. and 6:00 p.m., local time, on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Following an applicable discovery request, the Parties shall work together to determine what Source Code will be inspected. Once the Parties have agreed on the Source Code to be inspected and the Source Code has been delivered to the Producing Party's Outside Counsel, the Receiving Party shall provide three (3) business days' notice prior to a proposed inspection.

(c)     Source Code, by default is designated HIGHLY CONFIDENTIAL—SOURCE CODE and shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     Agreed upon Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and up to three (3) consultants or experts approved by the process set forth in Paragraph 11, in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for the ports necessary for a keyboard, mouse, and monitor), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the

"Source Code Review Room"). The Source Code shall be provided on the Source Code Computer in a searchable and non-editable, write-protected format. The Source Code Computer, including a keyboard, mouse, and monitor, shall be reasonably configured to permit the receiving Party to review the Source Code. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code on the Source Code Computer. Prior to the Receiving Party's initial review, the Producing Party shall install software tools that are sufficient for viewing and searching the code produced on the platform produced. In the event the Receiving Party needs commercially available software tools for viewing and searching Source Code to be installed on the Source Code Computer, the Receiving Party must identify those tools and either provide the Producing Party with licensed copies of the software tool(s), or identify how to access and activate licensed copies, at the Receiving Party's expense, ten (10) business days in advance of the schedule review to allow the Producing Party an opportunity to review and inspect the software tool(s). The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer or the Source Code Review Room.

(ii)     The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.

(iii)     The Receiving Party is prohibited from bringing recordable media or recordable devices, including without limitation sound recorders, computers,

cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind into the Source Code Review Room.

(iv)    During the Source Code review, the Producing Party agrees to provide a "break-out" room for the Receiving Party's Source Code reviewer(s) to make phone calls and work. To the extent such a break-out room is not reasonably available, the Producing Party agrees to so notify the Receiving Party at least three (3) business days in advance of any day on which the Receiving Party's Source Code reviewers are expected to inspect the Source Code.

(v)    The Receiving Party's Outside Counsel and up to three (3) consultants or experts approved pursuant to Paragraph 11 shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes on the Source Code Computer itself. If any individual inspecting Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the Source Code Review Room. All such notes shall be marked HIGHLY CONFIDENTIAL—SOURCE CODE. The Parties acknowledge that any notes or other work product taken or developed while in the Source Code Review Room may be later transcribed in electronic form.

(vi)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to the extent reasonably necessary to ensure compliance with the provisions of this Paragraph, but will not monitor, listen in on, or otherwise inhibit the Receiving

Party's privileged communications or note-taking in the Source Code Review Room, and the Producing Party's supervision will not be deemed to cause any waiver or other loss of any privilege covering such notes or communications.

(vii)    No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party may request that the Producing Party print limited portions of the Source Code not to exceed 500 total pages and no more than 40 consecutive pages, however, the Receiving Party may not request printed copies for the purposes of reviewing the Source Code other than electronically in the first instance. To the extent Receiving Party requires more than 40 consecutive pages and/or an aggregate total of more than 500 pages of source code, the Receiving Party shall make such request in writing, including the basis of such a request, and the Parties shall meet and confer to determine whether good cause exists to produce a limited number of additional pages. The printed pages shall be Bates labeled with a number and the HIGHLY CONFIDENTIAL —SOURCE CODE designation. The Producing Party shall have four (4) business days to review the printed Source Code to determine whether to object before producing the printed Source Code.

(viii)    If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall notify the Receiving Party of such objection in writing.  If, after meeting and conferring, the Parties cannot resolve the objection, the Producing Party shall

16

have seven (7) business days to file a motion with the Court.  If the Producing Party fails to file such a motion, the objection will be deemed resolved and the Producing Party shall promptly produce the printed Source Code. The burden of showing relevance of the objected-to Source Code will lie with the Receiving Party.

(ix)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) calendar days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order.

(x)    Unless otherwise agreed by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, but shall not intentionally attempt to review privileged or confidential information left by the Receiving Party. All authorized persons shall be required to show a government-issued photo identification card confirming their identity prior to any access to the Source Code Review Room or the Source Code Computer. Access to the Source Code Review Room or the Source Code Computer may be denied to any individual who fails to provide proper identification.

(xi)　　　　Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Source Code review site.

(xii)　　　　The Receiving Party may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 10(c)(vi), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. The Receiving Party shall provide a copy of this log to the Producing Party upon reasonable advanced notice.

(xiii)　　　　The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of five (5) individuals identified by the Receiving Party shall have access to the printed portions of Source Code (except insofar as such code appears in any court filing or expert report).

(xiv)　　　　To the extent reasonably necessary and pertinent to the expected testimony, the Receiving Party may make three (3) additional copies of any

printed Source Code in connection with a deposition of witness(es) permitted access to such Source Code pursuant to Paragraph 5(c). Any such additional copy made for the purpose of a deposition, and which is not marked as an exhibit to the deposition, shall be promptly destroyed after the conclusion of the deposition. Such additional deposition copies, and their disposition, shall be recorded in the Receiving Party's log.

(xv)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code except as permitted in this sub-paragraph). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. To the extent reasonably necessary and pertinent to the issue being addressed, the Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, and internal drafts thereof (a "Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Only those portions of Source Code reasonably necessary and specifically referred to in

such Source Code Document may be scanned into a PDF or similar electronic format. The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled HIGHLY CONFIDENTIAL—SOURCE CODE as provided for in this Order.

11. **Notice of Disclosure.**

(a) *Consultants and Experts*. The identification of an expert or consultant pursuant to this Protective Order shall not be construed as the identification of an expert trial witness under Federal Rule of Civil Procedure 26(a)(2). Prior to a Receiving Party giving, showing, disclosing, making available, or communicating Protected Material to any expert or consultant under this Protective Order, the Party shall:

(i) Serve a notice on the Producing Party, identifying the expert or consultant and the expert's or consultant's business address; business telephone numbers; present employer and position (along with a job description); consulting activities and job history for the past four (4) years, including a list of all employers and clients to whom the expert or consultant has provided services; by name and number of the case and location of the court any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four (4) years; and past or present relationship, if any, with the Receiving Party. Furthermore, if available or reasonably obtainable, the most

recent *curriculum vitae* or resume of the expert or consultant shall be provided under this section. If the most recent *curriculum vitae* or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided.

(ii)       Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

(iii)       The Producing Party shall be entitled to object to disclosure to the expert or consultant within ten (10) business days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Protected Material.

(iv)       If the Parties are unable to agree on the disclosure to the expert or consultant, the Party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(v)       No disclosure of the Protected Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a submission to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(vi)      The filing and pendency of objections shall not limit, delay, or

defer any disclosures of Protected Material to persons as to whom no such

objection has been made, nor shall it delay or defer any other pending discovery

unless the level of confidentiality bears directly on the objecting party's ability to

conduct such discovery.

(b)      *Authorization and Acknowledgment*. Each person to whom Protected

Material is to be given, shown, disclosed, made available or communicated in any way in

accordance with this Protective Order (excluding the Court—e.g., Judges, Magistrate Judges, law

clerks, qualified court reporters, and clerical personnel of the Court before which this action is

pending—and Outside Counsel of record to any Party in connection with this Litigation), shall

first execute an Acknowledgment of Protective Order in substantially the form shown in Exhibit

A. Counsel for the Receiving Party shall keep in his or her files an original of each such executed

Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of

this Litigation. Upon final termination of this action and at the written request of the Producing

Party, all such executed agreements shall be provided to Outside Counsel for the Producing

Party.

### 12.      <u>Notice to Third Parties.</u>

A Party is not required to produce Protected Material of a third party until the Producing

Party satisfies any obligation the Producing Party may have to the third party to notify the third

party of the Producing Party's production of the third party's Protected Material. The Producing

Party should make such notification reasonably promptly after determining that such notification

is required.

13.     __Challenging Designations of Protected Material.__

(a)     A Receiving Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. However, a Receiving Party objecting to a designation of Protected Material must notify the Producing Party of its objection pursuant to the procedure in Paragraph 13(b) within a reasonable time of identifying the objection.

(b)     Any challenge to a designation of Protected Material under this Order shall be in writing, served on Outside Counsel for the Producing Party, particularly identify the documents or information that the Receiving Party contends should be differently designated, and state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The Producing Party and the Receiving Party shall confer in a good faith effort to resolve the dispute;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Protected Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information; and

(iii)    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated under this Order consistent with

its existing designation until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws or otherwise changes such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation or otherwise rules that a different designation should be applied.

### 14.    **Subpoenas or Court Orders.**

If at any time Protected Material is subpoenaed or otherwise ordered by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall give prompt written notice thereof to every Producing Party who has produced such Protected Material and to its counsel and shall endeavor to provide each such Producing Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or court order. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the Party to whom the subpoena or request is directed may produce such requested documents, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

### 15.    **Privileged Material.**

(a)    Nothing in this Order shall require production of documents, information or other material that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.

(b)    If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently

or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

(c)     Any Party that inadvertently or unintentionally produces documents, information or other material ("Clawed-Back Materials") it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity shall promptly notify the recipient(s) in writing.

(d)     Each Party receiving such notice shall immediately return or destroy all such Clawed-Back Materials, all copies thereof and any notes or materials generated from access to such Clawed-Back Materials, and shall certify that all such Clawed-Back Materials have been returned or destroyed within five (5) days. No use shall be made of Clawed-Back Materials during depositions, through motion practice, at trial, or otherwise. Outside Counsel and their vendors shall not be required to delete Clawed-Back Materials that may reside on their respective firms' electronic back-up systems, but they are precluded from accessing or using such Clawed-Back Materials for any purpose.

(e)     The Party sending such notice shall provide a supplemental privilege log identifying such Clawed-Back Materials within fourteen (14) days of its notice. For inadvertently produced information that would not otherwise have to be logged, no supplemental privilege log is required. After returning or destroying the Clawed-Back Documents and receiving the supplemental privilege log, the Receiving Party may move the Court for an Order compelling production of any Clawed-Back Materials pursuant to the discovery provisions of the Scheduling Order. The motion shall not assert as a ground for production the fact of the earlier inadvertent production. The motion shall also not disclose or otherwise use the content of the Clawed-Back Materials (beyond any information appearing on the above-referenced privilege log).

16.     **Inadvertent Failure to Properly Designate.**

(a)     The inadvertent failure by a Producing Party to designate Discovery

Material as Protected Material with one of the designations provided for under this Order shall

not waive any such designation provided that the Producing Party notifies all Receiving Parties

that such Discovery Material is protected under one of the categories of this Order. The

Producing Party shall reproduce the Protected Material with the correct confidentiality

designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving

the Protected Material with the correct confidentiality designation(s), the Receiving Party shall

return or securely destroy, at the Producing Party's option, all Discovery Material that was not

designated properly. Outside Counsel and their vendors shall not be required to delete such

Discovery Material that may reside on their respective firms' electronic back-up systems, but

they shall not make further copies of such improperly designated Discovery Material.

(b)     Once a Receiving Party has received notification of the correct

confidentiality designation for the Protected Material with the correct confidentiality designation,

the Receiving Party shall treat such Discovery Material at the appropriately designated level

pursuant to the terms of this Order.

17.     **Inadvertent Disclosure Not Authorized By Order.**

(a)     In the event of a disclosure of any Protected Material pursuant to this

Order to any person or persons not authorized to receive such disclosure under this Protective

Order, the Party responsible for having made such disclosure, and each Party with knowledge

thereof, shall immediately notify counsel for the Producing Party whose Protected Material has

been disclosed and provide to such counsel all known relevant information concerning the nature

and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all

reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)      Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

**18.      Final Disposition.**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the Litigation with prejudice, including all appeals.

(b)      All Parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return or destruction of Protected Material, Outside Counsel may retain the pleadings, written discovery requests and narrative responses, expert reports, transcripts, exhibits, correspondence and attorney and consultant work product (but not document productions) for archival purposes. Additionally, Outside Counsel and their vendors shall not be required to delete such Protected Material that may reside on their respective firms' electronic back-up systems, but they shall not use or make further copies of such Protected Material for any purpose.

**19.      Miscellaneous.**

(a)      <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future for good cause shown. By stipulating to

this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction.</u> The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the Litigation. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors.</u> This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Modification of Waiver by the Parties</u>. The Producing Party and Receiving Party may agree in writing through their respective Outside Counsel to expressly alter or waive specified provisions or protections provided for in this Protective Order with respect to particular information or material.

(f)     <u>Effective Immediately.</u> This Protective Order shall become effective as a stipulation between the Parties immediately upon filing, notwithstanding the pendency of

approval by the Court, and the Parties shall treat any Protected Material produced before Court approval as provided herein.

      (g)    <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

By: */s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
O'KELLY ERNST & JOYCE, LLC
901 N. Market Street, Suite 1000
Wilmington, DE 19801
Tel: (302) 778-4000
Email: sokelly@oelegal.com

Paul J. Hayes
Massachusetts State Bar No. 227,000
James J. Foster
Massachusetts State Bar No. 553,285
Kevin Gannon
Massachusetts State Bar No. 640,931
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com

*Attorneys for Plaintiffs Uniloc USA, Inc.
and Uniloc Luxembourg, S.A.*

By: */s/ Jeremy A. Tigan*
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
Tel.:  (302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

Martha Jahn Snyder (*Pro Hac Vice*)
martha.snyder@quarles.com
Anthony A. Tomaselli (*Pro Hac Vice*)
aat@quarles.com
Kristin Graham Noel (*Pro Hac Vice*)
kristin.noel@quarles.com
Carly S. Conway (*Pro Hac Vice*)
carly.conway@quarles.com
QUARLES & BRADY, LLP
33 East Main Street, Suite 900
Madison, WI  53703
Tel.: (608) 251-5000

Louis A. Klapp
louis.klapp@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Tel: (312) 715-2712

*Attorneys for Defendant Motorola Mobility, LLC*

SO ORDERED, this _____ day of _____, 2018.

_____
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., | Civil Action No. 1:17-cv-01658-CFC |
|       Plaintiffs, | |
|           v. | JURY TRIAL DEMANDED |
| MOTOROLA MOBILITY, LLC, | |
|       Defendant. | |

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I, _____ state that:

My residence address is _____

_____

My business address is _____

_____

My present employer and job description are _____

_____

My relationship to the parties to this action is as follows _____

_____

I have read and reviewed in its entirety the annexed Stipulated Protective Order

("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not

to disseminate or disclose any information subject to the Protective Order that I review or about

which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 201__.


_____
(Signature)


_____
(Typed or Printed Name)

[Signature]