IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 17-1658 (CFC) **REDACTED - PUBLIC VERSION** |
| MOTOROLA MOBILITY, LLC, | ) ) | |
| Defendant. | ) | |

**MOTOROLA MOBILITY, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

OF COUNSEL:

Martha Jahn Snyder
Carly S. Conway
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI  53703
(608) 251-5000

Louis A. Klapp
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Tel: (312) 715-2712

*Attorneys for Defendant Motorola Mobility, LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 6547
Wilmington, DE  19899-6547
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Defendant
Motorola Mobility, LLC*

Original Filing Date: December 26, 2018
Redacted Filing Date: January 2, 2019

## TABLE OF CONTENTS

▮ ███████████████████████████████████████████████

▮ ███████████████████████████████████████████████

████████████████████████████████████████████████

▮ ███████████████████████████████████████████

▮ ███████████████████████████████████████████████

▮ ███████████████████████████████████████████████

▮ ██████████████████████████████████████████

▮ ██████████████████████████████████████████████

▮ ██████████████████████████████████████████

▮ ██████████████████████████████████████████████

   E.    Plaintiffs Resisted and Delayed Production of Discovery Related to Standing ................. 7

IV.   LEGAL STANDARD ......................................................................................................... 9

V.   ARGUMENT .................................................................................................................... 10

▮ ███████████████████████████████████████████████

▮ ██████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

▮ ███████████████████████████████████████████████

██████████████████████████████████████████████

B.    Plaintiffs Cannot Cure Their Lack of Standing With a Rule 25(c) Motion to Substitute, or Any Other Procedural Tactic ........................................................................... 16

C.    This Action Should be Dismissed With Prejudice Because Plaintiffs Misrepresented and Concealed Their Standing Problems for Months............................................................ 17

    1.    Plaintiffs were responsible for withholding relevant information ............................... 17

    2.    Motorola has been prejudiced by Plaintiffs' misconduct ............................................ 18

    3.    Plaintiffs have demonstrated a history of dilatoriness and bad faith ........................... 18

    4.    Dismissal with prejudice is the only appropriate sanction .......................................... 20

    5.    Motorola's defense is meritorious ............................................................................... 20

VI.    CONCLUSION................................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017).................................................................................................. 13

*Adegbuji v. Middlesex Cty.*, 347 F. App'x 877 (3d Cir. 2009) ..................................................... 17

*Adidas AG v. Under Armour, Inc.*, 2015 WL 3764829 (D. Del. June 15, 2015).......................... 13

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010)... 15

*Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336 (Fed. Cir. 2014)........................................... 10

*Fairchild Semiconductor Corp. v. Power Integrations*, 630 F. Supp. 2d 365 (D. Del. 2007)...... 15

*Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005) .................................................................. 9

*In re Schering Plough Corp. Intron/Temodar Class Action*, 678 F.3d 235 (3d Cir. 2012)............ 9

*Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343 (Fed. Cir. 2016)................. 13, 14

*Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992)......................................................................... 17

*Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007)........................................... 9, 10, 16

*Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Sup. 1352 (D. Del. 1992)............................. 9

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d. 863 (3d Cir. 1984)............................. 17, 20

*Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372 (Fed. Cir. 2000) ........................................... 16

*Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995)............................................... 16

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005)........................ 17

*Shahin v. Delaware*, No. CIV. A. 07-452-GMS, 2009 WL 485168 (D. Del. Feb. 26, 2009) ...... 20

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005) ..................................... 16

*Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245 (Fed. Cir. 2000).................................................. 15

*WiAV Solutions v. Motorola, Inc.*, 631 F.3d 1257 (Fed. Cir. 2010) ................................ 10, 14, 15

**Rules**

Fed R. Civ. P. 12(h)(3) ........................................................................................................... 9, 16

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... 1, 9, 20

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 9

Fed. R. Civ. P. 25(c) .......................................................................................................... 16, 17

Fed. R. Civ. P. 26 ................................................................................................................ 7, 18

Local Rule 7.1.1 ........................................................................................................................ 8

## I.   NATURE AND STAGE OF PROCEEDINGS

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Lux") (collectively, "Plaintiffs"), filed this action against Motorola Mobility, LLC ("Motorola") alleging infringement of U.S. Patent No. 6,161,134 (the "patent-in-suit").   Pursuant to Fed. R. Civ. P. 12(b)(1), Motorola respectfully requests the Court dismiss with prejudice the Amended Complaint (D.I. 10) for lack of subject matter jurisdiction because Plaintiffs lacked constitutional standing at the time the Original Complaint (D.I. 1) was filed.

## II.   SUMMARY OF THE ARGUMENT

Plaintiffs lacked standing from the day this case was filed because, even combined, they did not have the right to exclude Motorola—or any defendant—from practicing the patent.  Before filing suit here, Plaintiffs, ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████   Since Plaintiffs lacked the right to exclude Motorola from using the patent, they could not claim an injury-in-fact, and thus did not have standing.  Plaintiffs' lack of standing is a fatal problem, because a standing defect that existed at the outset of a case cannot be cured. Moreover, Plaintiffs have repeatedly withheld information regarding how the rights in the patent-in-suit were divided, inaccurately represented that the documents they had already produced were "sufficient to establish which entities own which rights, and etc." (Conway Decl., Ex. S, 11/2/2018 Jacobs ltr. to Conway).  Because Plaintiffs caused Motorola and the Court to expend resources unnecessarily, dismissal with prejudice is warranted.

## III.   STATEMENT OF FACTS

The history of the rights and interests in the patent-in-suit is far more tangled than Plaintiffs let on in their two-paragraph Motion to Substitute Uniloc 2017, LLC ("Uniloc 2017") as Plaintiff

1

(D.I. 50).  This suit was filed by Plaintiffs six months after Uniloc Lux acquired the patent-in-suit from Hewlett Packard Enterprise Company ("HPE") on May 16, 2017.  (Conway Decl., Ex. K, Patent Sale Agreement).  However, Uniloc Lux entered into multiple agreements that split up the rights to its patent portfolio—including the patent-in-suit—in several ways that destroyed any standing Plaintiffs had at the time this suit was filed in November, 2017.  These rights are described below and summarized in Appendix A.

Plaintiffs operate as patent-acquisition-and-enforcement entities.

2



---

[1] Plaintiffs' statements were also misrepresentations at the time they were first made on December 30, 2014.  By that date, at least one Uniloc patent had already been adjudged invalid in part, and at least two other patents were subject to pending invalidity challenges.  (Conway Decl., Ex. H, IPR2013-00391 Final Decision; Ex. I, Case No. 6:14-cv-00625-RWS (E.D. Tex.), D.I. 73).

███████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████

### E. Plaintiffs Resisted and Delayed Production of Discovery Related to Standing

Although the transactions described above had all been completed by May 3, 2018, Plaintiffs withheld relevant documents and information for months.  Plaintiffs' Rule 26 disclosures, served on July 11, 2018 (Conway Decl., Ex. O), and their Paragraph 3 disclosures, served on August 28, 2018 (Conway Decl., Ex. P), failed to reflect the assignment of the patent-in-suit, or to identify any witnesses with relevant knowledge of the transfer, or of Uniloc 2017.  On July 30, 2018, Motorola served numerous discovery requests regarding ownership and licensing of the patent-in-suit.  On September 5, 2018, Plaintiffs disclosed for the first time to Motorola that Uniloc Lux assigned the patent-in-suit to another entity, (Conway Decl., Ex. Q, 9/5/2018 Discovery Responses, Response to Interrogatory No. 4), but did not provide the assignment document or any other evidence supporting the transfer of rights.

On September 27, 2018, Plaintiffs sought Motorola's approval to file an unopposed motion to join Uniloc 2017 as an additional plaintiff in this suit.  (Conway Decl., ¶ 5).  As Plaintiffs had not provided sufficient information for Motorola to evaluate the impact of Plaintiffs' motion, Motorola requested documents and information responsive to its pending discovery requests.  (*Id.*).  Meanwhile, on September 4, 2018, in a separate litigation in which Plaintiffs asserted the patent-in-suit, among others, against Apple, Inc. (the "Apple Litigation"),[2] the court in that case ordered

---

[2] *Uniloc USA, Inc. et al. v. Apple Inc.*, Case No. 3:18-cv-00360-WHA (N.D. Cal.).

Uniloc to produce to Apple, by September 11, all documents—"[e]verything[, n]ot just 99 percent"—regarding the ownership of the patent-in-suit.  (Conway Decl., Ex. T, Hearing Tr., at 18:21–24).  Those documents included ████████████████████ (*Id.* at 11:12–21).  Yet, Uniloc failed to reproduce that document production to Motorola, or to otherwise produce documents relevant to Plaintiffs' transfer of rights to the patent-in-suit and responsive to Motorola's discovery requests.  (Conway Decl., ¶ 4).  On October 19, 2018, Uniloc produced just five documents, including the public assignment of the patent-in-suit from Uniloc Lux to Uniloc 2017, and Uniloc 2017's subsequent licensing activity.  (Conway Decl., ¶ 6).  Motorola reiterated its demand that Plaintiffs produce ***all*** materials regarding the transfer of ownership or interests in the patent-in-suit, including those they had been ordered to produce to Apple—the same materials Motorola had requested months earlier in discovery.  (Conway Decl., Ex. R, 10/26/18 Conway ltr. to Jacobs).  On November 7, after multiple entreaties from Motorola's counsel, Plaintiffs finally produced ████████████, among other documents.  (Conway Decl., ¶ 7).  It was only then that Motorola learned, for the first time, that ████████████████████████████ ████████████████████████

On November 27, 2018, without meeting and conferring with Motorola as required under Local Rule 7.1.1, Plaintiffs attempted to file a motion to substitute Uniloc 2017.  (Conway Decl., ¶ 8).  Plaintiffs subsequently withdrew the motion when Motorola raised the lack of meet-and-confer with Plaintiffs.  On November 28, 2018, during a meet and confer about the withdrawn motion, Plaintiffs blatantly refused a direct request for production of a new agreement purportedly transferring rights to the patent-in-suit, which had been executed on November 16, 2018.  (*Id.*, ¶ 9).  This document was directly responsive to Motorola's Request for Production No. 9, seeking "all documents and communications relating to any . . . licensing, assignment, acquisition, or transfer of

8

ownership or other rights in the patent-in-suit." Finally, on December 4, 2018, after additional prodding from Motorola, Plaintiffs produced the November 16 agreement. (*Id*.). On December 11, 2018, after meeting and conferring with Motorola, Plaintiffs re-filed their motion to substitute. (D.I. 50). Motorola's opposition is filed concurrently with this Motion to Dismiss.

## IV.   LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) tests the plaintiff's assertion of subject matter jurisdiction. Unlike a Rule 12(b)(6) motion, where the court accepts as true all allegations in the complaint, a 12(b)(1) motion "is much more demanding" of the plaintiff. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proof. *Id*. The court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." *Id*. (internal quotations and citations omitted).

Standing to sue is a threshold requirement in every federal action, and must be present at the time the suit is brought. *See, e.g., Pfizer, Inc. v. Elan Pharm. Research Corp*., 812 F. Sup. 1352, 1356 (D. Del. 1992). When the plaintiff lacks standing, the district court does not have subject matter jurisdiction over the case, and the action must be dismissed. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 246 (3d Cir. 2012); *see also* Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To have standing to sue for patent infringement, an entity must suffer an injury-in-fact from a violation of its exclusionary rights in the patent. *Morrow v. Microsoft Corp*., 499 F.3d 1332, 1340–41 (Fed. Cir. 2007). The right to exclude the accused infringer is dispositive; it distinguishes the entities that can sue, from those that cannot. *Id*.

Critically, the right to exclude can be nullified by licensing rights held by a third party. If an

accused infringer "has the ability to obtain . . . a license from another party with the right to grant it," then the putative plaintiff "does not have an exclusionary right with respect to the alleged infringer and thus is not injured by that alleged infringer." *WiAV Solutions v. Motorola, Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010).  Without the right to exclude, neither a patent owner nor a licensee has standing to sue, no matter what other rights each may hold. *Morrow*, 499 F.3d at 1340–41; *see also Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1344 (Fed. Cir. 2014) ("[A] nonexclusive . . . licensee does not have a legally protected interest conferred by the Patent Act. That same logic applies even if it is the patent owner holding the nonexclusive right . . . ."), *vacated on other grounds*, 135 S. Ct. 1846 (2015).  Even in combination, a patent owner and its licensee lack standing to sue, where a third party has the right to license the patent to potential defendants. *See WiAV*, 631 F.3d at 1266.

## V.    ARGUMENT

### A. Plaintiffs Lacked Standing at the Time They Filed Suit

In order to have standing, Plaintiffs needed the "exclusive" right to control the use of the patent-in-suit at the time the Original Complaint was filed.  Even in combination, Plaintiffs did not have sufficient exclusionary rights to create standing, because ████████████████████████ ████████████████████████     Accordingly, Plaintiffs suffered no injury-in-fact from Motorola's acts because they lacked the right to exclude Motorola from using the patent-in-suit at the onset of the litigation.

████████████████████████████
█████████████

████████████████████████████

████████████████████████████████

████████████████████████████████





Without that right, Plaintiffs lacked constitutional standing to sue. *See Luminara Worldwide v. Liown Elecs*, 814 F.3d 1343, 1348 (Fed. Cir. 2016) ("If [the patentee] could indeed license any entity . . . [the licensee] would not have had exclusionary rights to the asserted patents."); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 16-453-RGA, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017) (third party's ability to license the accused infringers deprived plaintiff of standing to sue).

Plaintiffs held only ***non-exclusive*** rights in those patents.  As holders of non-exclusive rights, Plaintiffs fall into the category of parties that the Federal Circuit has repeatedly held "cannot even participate as a party" in a patent case. *Adidas AG v. Under Armour, Inc.*, 2015 WL 3764829, at *3 (D. Del. June 15, 2015) (quoting *Morrow*, 499 F.3d at 1339).  The fact that Plaintiffs describe their rights as "exclusive" is irrelevant; it is the substance of the rights, not their form, that controls.  *See id.*

In both *Luminara* and *WiAV*, the Federal Circuit noted that, in analyzing whether a third party's licensing rights defeated standing, the dispositive issue was whether the right extended to licensing the accused infringer. *Luminara*, 814 F.3d at 1348; *WiAV*, 631 F.3d at 1267.  Although

the Federal Circuit found standing in *Luminara* and *WiAV*, it did so because the licenses-at-issue

allowed the third party to sublicense only to "affiliate[s]," and the accused infringer did not qualify

as an affiliate. *Luminara*, 814 F.3d at 1349; *WiAV*, 631 F.3d at 1262–63. 

*See WiAV*, 631 F.3d at 1266 ("[A]n exclusive licensee

lacks standing to sue a party who has the ***ability*** to obtain such a license from another party with the

right to grant it.") (emphasis added).

Similarly, in *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, the

Federal Circuit again recognized that an unfettered sublicensing right could vitiate a patent owner's

exclusionary rights. 604 F.3d 1354, 1362 (Fed. Cir. 2010), citing *Speedplay, Inc. v. Bebop, Inc.*, 211

---

3

F.3d 1245, 1251 (Fed. Cir. 2000).  However, unlike this case, the sublicensing issue in *Mann* was

fettered: any sublicense was required to include "the payment of specified pass-through royalties to"

the owner.  604 F.3d at 1358, 1362.  Moreover, *Mann* only analyzes the division of exclusionary

rights between two entities—a patent owner and exclusive licensee—and does not address the issue

presented here: whether a third entity holding an unfettered right to sublicense an accused infringer

vitiates a plaintiff-owner's right to exclude that infringer and thereby deprives plaintiff of standing.

*Id*. at 1359–60.  *Mann* does not hold that a patent owner can side-step the constitutional requirement

of holding the right to exclude—rather, the court expressly states that where a party is "permitted to

sublicense defendants sued by [the patent owner]" such that the patent owner's right to sue those

defendants is "render[ed] illusory," as here, the patent owner lacks standing to sue.  *Id*. at 1362.

> **b.**    ***Uniloc USA lacked constitutional standing to sue Motorola because Uniloc Lux could not convey "exclusive" rights in the patent-in-suit to Uniloc USA***



Use of the word "exclusive" in an agreement is not a

magic totem: for standing purposes, it is the substance of the rights held, not their form, that governs.

*See Fairchild Semiconductor Corp. v. Power Integrations, Inc*., 630 F. Supp. 2d 365, 371 (D. Del.

2007) (holding that licensee who had been granted "sole and exclusive right . . . to enforce the

Patents" did not have standing).  Here,

Thus, as of May 26, 2017 and through the filing of the Original Complaint,

Uniloc Lux did not itself have an exclusive right to license the patent-in-suit.  Because "an owner or licensee of a patent cannot convey that which it does not possess," *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1382 (Fed. Cir. 2000), Uniloc Lux could not have conveyed exclusive rights to Uniloc USA before the filing of the Original Complaint.  In other words, Uniloc Lux could not have granted Uniloc USA "exclusive" rights in the patent-in-suit because Uniloc Lux itself could not "promise that others shall be excluded from practicing the invention within [the relevant] territory," *Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995).

Plaintiffs ████████ may not have appreciated that ████████████████████ would undermine Plaintiffs' standing to sue potential infringers.  But the parties' agreements are deliberate and clear.  "While parties are free to assign some or all patent rights as they see fit based on their interests and objectives, this does not mean that the chosen method of division will satisfy standing requirements."  *Morrow*, 499 F. 3d at 1341 n.8.  Plaintiffs' chosen division deprived them of standing to sue, and their case should be dismissed for lack of subject matter jurisdiction.

### B. Plaintiffs Cannot Cure Their Lack of Standing With a Rule 25(c) Motion to Substitute, or Any Other Procedural Tactic

Plaintiffs' lack of standing at the time the Original Complaint was filed is a fatal problem. It is black-letter law that a standing defect that existed at the outset of a case cannot be cured.  *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975–76 (Fed. Cir. 2005); *see also* Fed R. Civ. P. 12(h)(3).  As described above, Plaintiffs, even in combination, lacked standing at the time they filed suit.  Plaintiffs cannot cure their lack of standing at the time the Original Complaint was filed by filing a Motion to Substitute Uniloc 2017 as Plaintiff pursuant to Fed. R. Civ. P 25(c), as they are attempting to do now.  (*See* D.I. 50).  "[I]f the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with

standing . . . nor by the subsequent purchase of an interest in the patent in suit." *Schreiber Foods,*

*Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005).

### C. This Action Should be Dismissed With Prejudice Because Plaintiffs Misrepresented and Concealed Their Standing Problems for Months

As set forth above, this action should be dismissed for lack of subject matter jurisdiction.

And, because Plaintiffs concealed the relevant facts for months, that dismissal should be with

prejudice.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("District court judges,

confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or

efficacious recourse other than dismissal of the complaint with prejudice.").

In order to dismiss with prejudice, the Third Circuit weighs the six factors outlined in *Poulis*

*v. State Farm Fire & Casualty Co.*, 747 F.2d. 863, 868 (3d Cir. 1984).  These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

(*Id.*).  "[C]omplete satisfaction of each *Poulis* factor [is not required] in order to justify the sanction

of dismissal [with prejudice]."  *Adegbuji v. Middlesex Cty.*, 347 F. App'x 877, 881 (3d Cir. 2009).

In *Poulis*, for example, the court found three of the six factors sufficient to dismiss the case with

prejudice.  *Poulis*, 747 F. 2d at 870.  Here, all six factors weigh in favor of dismissal with prejudice.

### 1.  Plaintiffs were responsible for withholding relevant information

There is no indication in this case that Plaintiffs' misconduct and withholding of documents

related to these standing issues should be attributed to Plaintiffs' counsel, rather than Plaintiffs' own

direction.  This factor weighs in favor of dismissal with prejudice.

### 2.   Motorola has been prejudiced by Plaintiffs' misconduct

Plaintiffs' failure to comply with their discovery obligations wasted Motorola's time and resources.  Discovery in this case opened on June 19, 2018, after the parties held their Rule 26(f) conference. (Conway Decl., ¶ 3).  Although Uniloc 2017 was assigned the patent-in-suit more than a month before discovery opened, Plaintiffs induced Motorola to seek discovery from the wrong entities for three months, even serving two sets of disclosures on Motorola that affirmatively asserted the named Plaintiffs as proper and cited no other potential parties.  (*Id*., Exs. O, P). Plaintiffs' disclosures failed to so much as mention Uniloc 2017, let alone disclose its ownership of the patent-in-suit.  (*Id*.).  On July 30, 2018, Motorola served interrogatories and requests for production seeking discovery on ownership of the various rights and interests in the patent-in-suit. For instance, Motorola's Request for Production No. 9 sought the production of "All Documents and Communications Relating to any planned, contemplated, proposed, requested, or actual licensing, assignment, acquisition, or transfer of ownership or other rights in the Patent-in-Suit . . . ." (Conway Decl., Ex. Q).  Yet Plaintiffs did not produce ███████████ until November 7, 2018. (*Id*., ¶ 7).  Instead, Plaintiffs inaccurately represented that the documents they had previously produced "are sufficient to establish which entities own which rights, and etc." (Conway Decl., Ex. S, 11/2/2018 Jacobs ltr. to Conway).  Not only has Motorola been taking discovery of entities that Plaintiffs now assert do not even own the patent-in-suit, but Motorola has been forced to litigate a case over which this Court does not have jurisdiction.  Thus, this factor weighs in favor of dismissal with prejudice.

### 3.   Plaintiffs have demonstrated a history of dilatoriness and bad faith

Regarding *Poulis* factors 3 and 4, Plaintiffs repeatedly misrepresented rights in the patent-in-suit, and delayed producing relevant documents.  First, Plaintiffs did not disclose that they had



Plaintiffs waited four months to disclose to Motorola that Uniloc 2017 was the owner of the patent-in-suit.  In the meantime, Plaintiffs served two sets of disclosures identifying Uniloc Lux and Uniloc USA as the "correct names of the Plaintiffs" and solely identifying officers of Uniloc Lux and Uniloc USA as witnesses with relevant knowledge.  (*Id.*, Exs. O, P).

At no time did Plaintiffs ever voluntarily take action to bring any information regarding the ownership of and rights in the patent-in-suit to Motorola's or the Court's attention.  Indeed, the issue became clear only when, in the Apple Litigation, the court in that case ordered Uniloc to produce to Apple all documents regarding the ownership of the patent-in-suit.  (Conway Decl., Ex. T, 18:21–24).  Motorola then reiterated its demand that Plaintiffs produce all materials regarding the transfer of ownership of, or interests in, the patents, including those they had been ordered to produce to Apple—the same materials Motorola had requested months earlier in discovery.  (Conway Decl., Ex. R).  On November 7, after multiple entreaties from Motorola's counsel, Plaintiffs finally produced                       It was only then that Motorola learned, for the first time, that                       when Plaintiffs had filed the Original Complaint.  Absent these efforts, Plaintiffs apparently planned to induce the Court to proceed full steam ahead into summary judgment or trial.[4]

---

[4] The deadline to add new parties or amend pleadings passed on September 19, 2018.  (D.I. 46).

### 4. Dismissal with prejudice is the only appropriate sanction

There is no appropriate sanction other than a dismissal with prejudice for Uniloc's misconduct. The Third Circuit has recognized that dismissals with prejudice "should be reserved" for cases where there has been "'flagrant bad faith' on the part of the plaintiffs." *Poulis,* 747 F.2d at 867–68. Here, dismissal with prejudice is the only effective remedy because Plaintiffs misrepresented standing to the Court and withheld documents relating to standing for months. *See Shahin v. Delaware*, No. CIV. A. 07-452-GMS, 2009 WL 485168, at *1 (D. Del. Feb. 26, 2009) ("In certain cases, dismissal [with prejudice] is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses.").

### 5. Motorola's defense is meritorious

A defense is meritorious when the allegations, "if established at trial . . . would constitute a complete defense." *Id.* at 870. Motorola's contentions in this Motion meet this standard. As set forth above, Plaintiffs lacked constitutional standing at the time the Original Complaint was filed, and cannot cure their lack of standing here; thus, this case should be dismissed pursuant to Fed. R. Civ. P 12(b)(1). All six *Poulis* factors weigh in favor of dismissal with prejudice.

## VI. CONCLUSION

For the reasons set forth above, Motorola respectfully requests that the Court dismiss this action with prejudice for lack of subject matter jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
jtigan@mnat.com

OF COUNSEL:

Martha Jahn Snyder
Carly S. Conway
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

*Attorneys for Defendant*
*Motorola Mobility, LLC*

Louis A. Klapp
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Tel: (312) 715-2712

December 26, 2018