IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 17-1658 (CFC) ) ) **REDACTED - PUBLIC VERSION** |
| MOTOROLA MOBILITY, LLC, | ) ) ) |
| Defendant. | ) |

## MOTOROLA MOBILITY, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE (D.I. 50)

OF COUNSEL:

Martha Jahn Snyder
Carly S. Conway
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

Louis A. Klapp
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Tel: (312) 715-2712

*Attorneys for Defendant Motorola Mobility, LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 6547
Wilmington, DE 19899-6547
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Defendant
Motorola Mobility, LLC*

Original Filing Date: December 26, 2018
Redacted Filing Date: January 2, 2019

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................................... 1

    A.   ███████████████████████████████████ ............................... 2

    B.   ████████████████████████████████████████████
        ██████████████████████ ....................................................... 2

    C.   ████████████████████████████████████████████
        █ ........................................................................................................................ 3

    D.   Plaintiffs Resisted and Delayed Production of Discovery Related to Standing ................ 3

III. LEGAL STANDARD ............................................................................................................ 5

IV.  ARGUMENT ......................................................................................................................... 7

    A.   Plaintiffs Cannot Show Good Cause to Amend Their Pleadings Months After the
        Deadline ............................................................................................................................ 7

    B.   Substitution Cannot Cure Plaintiffs' Standing Issue and is Therefore Futile ..................... 9

V.   CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Edgewell Pers. Care Brands, LLC v. Albaad Massuot Yitzhak, Ltd.*, No. CV 15-1188-RGA-MPT, 2017 WL 2463952 (D. Del. June 7, 2017) ........................................................................ 9

*In re Countrywide Fin. Corp. Derivative Litig.*, 581 F. Supp. 2d 650 (D. Del. 2008) .................. 6

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235 (3d Cir. 2012) ......................................................................................................................................... 6

*Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69 (3d Cir. 1993) ....................................... 6

*Morrow v. Microsoft Corp.*, 499 F. 3d 1332 (Fed. Cir. 2007) ........................................................ 9

*Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352 (D. Del. 1992) ............................ 6

*Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305 (D. Del. 1995) ............ 6

*Purdue Pharma L.P. v. Amneal Pharm., LLC*, No. CV 15-1152-RGA-SRF, 2018 WL 3725772 (D. Del. July 25, 2018) .................................................................................................... 5, 6

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005) .......................... 7

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005) ....................................... 10

*Wittman v. Personhuballah*, 136 S. Ct. 1732 (2016) ................................................................... 10

**Rules**

Fed. R. Civ. P. 12(h)(3) ............................................................................................................. 7, 10

Fed. R. Civ. P. 25 ............................................................................................................................ 5

Fed. R. Civ. P. 26(f) ....................................................................................................................... 8

## I. INTRODUCTION

Defendant Motorola Mobility, LLC ("Motorola"), by and through its counsel, opposes Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A.'s ("Uniloc Lux") (collectively, "Plaintiffs") Motion to Substitute Uniloc 2017 LLC ("Uniloc 2017") as plaintiff (D.I. 50). Plaintiffs' motion should be denied because it is untimely as a result of Plaintiffs' own making and because substitution would be futile in light of Plaintiffs' lack of standing at the time they filed suit. In addition to blowing past the September deadline to add parties and amend pleadings (D.I. 46), Plaintiffs concealed relevant information for months, inaccurately representing that the documents they had already produced were "sufficient to establish which entities own which rights, and etc." (D.I. 58, Ex. S, 11/2/2018 Jacobs ltr. to Conway). Moreover, as set forth in Motorola's Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 57), filed concurrently, substitution would be futile here because Plaintiffs lacked Article III standing at the time they filed the Original Complaint (D.I. 1), which cannot be cured retroactively by substitution.

## II. STATEMENT OF FACTS

The history of the rights and interests in the patent-in-suit is far more tangled than Plaintiffs let on in their two-paragraph Motion to Substitute (D.I. 50). Uniloc Lux acquired the patent-in-suit from Hewlett Packard Enterprise Company on May 16, 2017. (D.I. 58, Ex. K, Patent Sale Agreement). However, Uniloc Lux entered into multiple agreements that split up the rights to the patent-in-suit in several ways detrimental to Plaintiffs' standing. These rights are summarized below and described in more detail in Motorola's Motion to Dismiss (D.I. 57, §§ III.A–D; Appendices A and B), filed concurrently herewith.

2

███████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████    ███████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████

███████████████████████████████████████████
█████████████████████████████████

On May 16, 2017, Uniloc Lux acquired the patent-in-suit from Hewlett Packard Enterprise Development LP and Hewlett Packard Enterprise Company. (D.I. 58, Ex. K).

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████



**D. Plaintiffs Resisted and Delayed Production of Discovery Related to Standing**

Although the transactions described above had all been completed by May 3, 2018, Plaintiffs withheld relevant documents and information for months. Plaintiffs' Rule 26 disclosures, served on July 11, 2018 (D.I. 58, Ex. O), and their Paragraph 3 disclosures, served on August 28, 2018,[1] failed to reflect the assignment of the patent-in-suit from Uniloc Lux to Uniloc 2017, or to identify any witnesses with relevant knowledge of the transfer, or of Uniloc 2017. (D.I. 58, Ex. P). On July 30, 2018, Motorola served numerous discovery requests regarding ownership and licensing of the patent-in-suit. (*See* D.I. 58, Ex. Q, 9/5/2018 Discovery

---

[1] Just five days earlier, on August 23, 2018, Plaintiffs filed Motions to Join Uniloc 2017 as Plaintiff in two separate litigations in which Plaintiffs asserted the patent-in-suit, among others, against Apple, Inc. (the "Apple Litigation"), and LG Electronics U.S.A. Inc., et al. *See Uniloc USA, Inc. et al. v. Apple Inc.*, D.I. 119, Case No. 3:18-cv-00360-WHA (N.D. Cal.); *Uniloc USA, Inc. et al. v. LG Electronics U.S.A. Inc. et al.*, Case No. 3:18-cv-02913-WHA (N.D. Cal.).

Responses, Interrogatory Nos. 4, 7, 10, Requests for Production Nos. 9 and 13). For instance, Motorola's Interrogatory No. 4 sought identification of "any Person other than Plaintiffs that has a financial interest . . . in the outcome of this Litigation . . ." and Request for Production No. 9 sought the production of "All Documents and Communications Relating to any planned, contemplated, proposed, requested, or actual licensing, assignment, acquisition, or transfer of ownership or other rights in the Patent-in-Suit . . . ." (D.I. 58, Ex. Q). On September 5, 2018, Plaintiffs disclosed for the first time to Motorola that Uniloc Lux assigned the patent-in-suit to another entity. (*Id.*).

On September 27, 2018, Plaintiffs sought Motorola's approval to file an unopposed motion to join Uniloc 2017 as an additional plaintiff in this suit. (D.I. 58, at ¶ 5). As Plaintiffs had not provided sufficient information for Motorola to evaluate the impact of Plaintiffs' motion, Motorola requested documents and information responsive to its pending discovery requests. (*Id.*). Meanwhile, on September 4, 2018, in a separate litigation in which Plaintiffs asserted the patent-in-suit, among others, against Apple, Inc. (the "Apple Litigation"),[2] the court in that case ordered Uniloc to produce to Apple, by September 11, all documents—"[e]verything[, n]ot just 99 percent"—regarding the ownership of the patent-in-suit. (D.I. 58, Ex. T, Hearing Tr., at 18:21–24). ▮ (*Id.* at 11:12–21). Yet, Uniloc failed to reproduce that document production to Motorola, or to otherwise produce documents relevant to Plaintiffs' transfer of rights to the patent-in-suit and responsive to Motorola's discovery requests. (D.I. 58, at ¶ 4). On October 19, 2018, Uniloc produced just five documents, including the public assignment of the patent-in-suit from Uniloc Lux to Uniloc 2017, and Uniloc 2017's subsequent licensing activity. (D.I. 58, Ex. R, 10/26/18

---

[2] *Uniloc USA, Inc. et al. v. Apple Inc.*, Case No. 3:18-cv-00360-WHA (N.D. Cal.).

Conway ltr. to Jacobs), and inaccurately represented that these documents were "sufficient to establish which entities own which rights, and etc." (D.I. 58, Ex. S). Motorola reiterated its demand that Plaintiffs produce *all* materials regarding the transfer of ownership or interests in the patents, including those they had been ordered to produce to Apple—the same materials Motorola had requested months earlier in discovery. (*Id*.). ██████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████

On November 27, 2018, without meeting and conferring with Motorola as required under Local Rule 7.1.1, Plaintiffs attempted to file a motion to substitute Uniloc 2017. (D.I. 58, at ¶ 8). Plaintiffs subsequently withdrew the motion. (*Id*.). On November 28, 2018, during a discussion about the withdrawn motion, Plaintiffs blatantly refused a direct request for production of new agreements purportedly transferring rights to the patent-in-suit, which had been executed on November 16, 2018. (*Id*., at ¶ 9). These documents were directly responsive to Motorola's Request for Production No. 9, seeking "all documents and communications relating to any . . . licensing, assignment, acquisition, or transfer of ownership or other rights in the patent-in-suit." (*Id*., Ex. Q). Finally, on December 4, 2018, after additional prodding from Motorola, Plaintiffs produced the November 16 agreements. (*Id*., at ¶ 9). On December 11, 2018, Plaintiffs' filed this Motion to Substitute Uniloc 2017 as Plaintiff under Fed. R. Civ. P. 25 (D.I. 50).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 25(c) allows substitution of parties when there is a transfer of interest. However, substitution is not automatic; rather, the decision to allow substitution is discretionary for the district court. *Purdue Pharma L.P. v. Amneal Pharm., LLC*,

No. CV 15-1152-RGA-SRF, 2018 WL 3725772, at *2 (D. Del. July 25, 2018). "The Third Circuit has emphasized that a court's focus when assessing a Rule 25(c) motion must be on whether substitution would best 'facilitate the conduct of the litigation.'" *Id.* (quoting *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71–72 (3d Cir. 1993)). Where substitution would not facilitate the conduct of the litigation, the Court can deny substitution and dismiss the case. *See In re Countrywide Fin. Corp. Derivative Litig.*, 581 F. Supp. 2d 650, 653 n.1 (D. Del. 2008) (finding substitution under Rule 25(c) improper and instead dismissing the case for lack of standing).

Standing to sue is a threshold requirement in every federal action, and must be present at the time the suit is brought. *See, e.g.*, *Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1356 (D. Del. 1992); *Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 309–310 (D. Del. 1995). When the plaintiff lacks standing, the district court does not have subject matter jurisdiction over the case. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 246 (3d Cir. 2012) ("It is well-established that a plaintiff's Article III standing is a prerequisite for the federal courts to decide the merits of a suit."). If the original plaintiff lacks Article III standing when the complaint is filed, "the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing . . . nor by the subsequent purchase of an interest in the patent in suit." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

IV. ARGUMENT

Plaintiffs' motion should be denied because it is untimely and Plaintiffs concealed and withheld relevant discovery for months, and because substitution would be futile.

A. **Plaintiffs Cannot Show Good Cause to Amend Their Pleadings Months After the Deadline**

As a threshold matter, Plaintiffs cannot show good cause—as required by Federal Rule of Civil Procedure 16(b)(4)—to amend their pleadings to substitute Uniloc 2017 as plaintiff. The deadline to add new parties or amend the pleadings was over three months ago—September 19, 2018. (D.I. 46). In fact, **Uniloc** proposed September 19, 2018 as the deadline to join additional parties (and October 17, 2018 as the deadline to amend pleadings). (*See* D.I. 24 at 5). Motorola acquiesced to Uniloc's proposed deadlines. (D.I. 29, at ¶ 2). Ultimately, the parties agreed to combine the deadlines into a single deadline of September 19, 2018, pursuant to the Court's standard order, which was entered on November 16, 2018. (D.I. 46).

███████████████████████████████████████████████████████

███████████████████████████████████████ (D.I. 58, Ex. M). As of at least March 28, 2018, then, Plaintiffs knew that a third party would gain ownership of the patent-in-suit upon execution of the May 3 transaction. Yet, Plaintiffs continued to misrepresent their rights and interests by failing to even name Uniloc 2017, let alone disclose its rights in the patent-in-suit, in their Rule 26 initial disclosures, served on July 11, 2018 (D.I. 58, Ex. O). In fact, Plaintiffs asserted "None" under "Potential Parties.") (*Id.*, at § B). Moreover, in the Apple Litigation, Apple raised the issue of standing with Plaintiffs at least as early as August 13, 2018. *See Uniloc USA, Inc. et al. v. Apple Inc.*, Case No. 3:18-cv-00360-WHA (N.D. Cal.), D.I. 117, Discovery Letter Brief. Yet Plaintiffs said nothing to Motorola, and they disclosed nothing even in response to relevant discovery requests. Worse, Plaintiffs served their Paragraph 3 disclosures

7

on August 28, 2018—just one day before they filed their response to Apple's Discovery Letter Brief—without any mention of Uniloc 2017. (D.I. 58, Ex. P).

Discovery in this case opened six months ago, on June 19, 2018, after the parties held their conference pursuant to Fed. R. Civ. P. 26(f), and only five months remain before the fact discovery cutoff. (D.I. 46; D.I. 58, at ¶ 3). Although Uniloc 2017 was assigned the patent-in-suit more than a month before discovery opened, Plaintiffs induced Motorola to seek discovery from the wrong entities for three months before even disclosing the existence of Uniloc 2017. On July 30, 2018, Motorola served interrogatories and requests for production seeking discovery on who owned the various rights and interests in the patent-in-suit. (D.I. 58, Ex. Q). ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (D.I. 58, Ex. T, Hearing Tr., at 18:21–24). Instead of merely reproducing those documents to Motorola, Plaintiffs inaccurately represented that the documents they had previously produced were "sufficient to establish which entities own which rights, and etc." (D.I. 58, Ex. S).

Plaintiffs induced Motorola to seek discovery from the wrong entities and waste months of the discovery period before they disclosed the identity of the owner of the patent-in-suit. Plaintiffs offer no excuse or explanation for this conduct. And even if Plaintiffs did not understand the legal significance of their licensing machinations, their ignorance of the law cannot meet the "good cause" requirement. *See Edgewell Pers. Care Brands, LLC v. Albaad Massuot Yitzhak, Ltd.*, No. CV 15-1188-RGA-MPT, 2017 WL 2463952, at *2 (D. Del. June 7, 2017) ("a strategic mistake does not equate to a showing of good cause under Rule 16.") (internal quotations omitted). Any effort by Plaintiffs to substitute Uniloc 2017 as plaintiff is

unwarranted because Plaintiffs have deliberately delayed seeking substitution and were intentionally withholding about the assignment of the patent-in-suit to Uniloc 2017 for months.

## B. Substitution Cannot Cure Plaintiffs' Standing Issue and is Therefore Futile

Substitution cannot facilitate the conduct of the litigation in this case, as it cannot cure the standing issue. As detailed in Motorola's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed concurrently, Uniloc did not have standing to sue at the time it filed suit, and substitution cannot cure that lack of standing. (*See* D.I. 57, §§ V.A–B); *see also Morrow v. Microsoft Corp.*, 499 F. 3d 1332, 1340–41 (Fed. Cir. 2007) (a standing deficiency where the original plaintiffs "lack[ed] exclusionary rights under the patent statutes" at the onset of a suit "cannot be cured by adding the patent title owner to the suit"). According to the documents that Plaintiffs have produced, Uniloc Lux acquired the patent-in-suit from Hewlett Packard Enterprise Company on May 16, 2017. (D.I. 58, Ex. K). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ As a result, Plaintiffs lacked the right to exclude Motorola from using the patent-in-suit and could not claim an injury-in-fact. *See Morrow*, 499 F.3d at 1340–41 ("plaintiffs . . . that lack exclusionary rights under the patent statutes [fail] to meet the injury in fact requirement."). And because injury-in-fact is a required element for Article III standing, Plaintiffs never had standing. *Wittman v.*

9

*Personhuballah*, 136 S. Ct. 1732, 1736 (2016) ("A party has standing only if he shows that he has suffered an 'injury in fact'").

Plaintiffs' lack of standing is a fatal problem. Both Uniloc Lux and Uniloc USA lacked Article III standing at the time they filed suit. And it is black-letter law that a standing defect that existed at the outset of a case—like all deficiencies in subject matter jurisdiction—cannot be cured. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975–76 (Fed. Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Uniloc's current motion mentions none of this—none of the arguments, none of the underlying facts, no explanation for the repeated misrepresentations, and no explanation for how or why Plaintiffs carried on for seven months without informing Motorola or the Court what had transpired on May 3, despite pointed discovery requests served on July 30, 2018. Plaintiffs do not even provide any evidence of the transfer of interest to Uniloc 2017 beyond a three-sentence declaration from Plaintiffs' counsel. (D.I. 50 at 3). Instead, Plaintiffs nonchalantly treat substitution as a boilerplate issue to be analyzed under boilerplate case law. But there is nothing boilerplate about the present facts, and Plaintiffs' Motion should be denied.

## V. CONCLUSION

Plaintiffs have offered nothing to warrant substitution. Rather than address the elephant-in-the-room—their inexplicable delay in producing critical standing documents and raising the issue of lack of standing with the Court—they ignored the issue altogether. Substitution is discretionary, and Plaintiffs have not explained why this Court should exercise its discretion and overlook Plaintiffs' lack of candor and repeated misrepresentations over the last seven months. Moreover, as set forth in Motorola's Motion to Dismiss, substitution cannot cure Plaintiffs' lack

of standing at the time the Complaint was filed, and is therefore futile. Plaintiff's motion to substitute should be denied, and the case should be dismissed with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
jtigan@mnat.com

*Attorneys for Defendant
Motorola Mobility, LLC*

OF COUNSEL:

Martha Jahn Snyder
Carly S. Conway
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

Louis A. Klapp
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Tel: (312) 715-2712

December 26, 2018

11