IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) C.A. No. 17-1658 (CFC) |
| MOTOROLA MOBILITY, LLC, | ) ) ) |
| Defendant. | ) |

**MOTOROLA MOBILITY, LLC'S OPENING BRIEF IN SUPPORT
OF ITS MOTION TO STAY PENDING RESOLUTION OF
<u>MOTION TO SUBSTITUTE AND MOTION TO DISMISS</u>**

OF COUNSEL:

Martha Jahn Snyder
Anthony A. Tomaselli
Kristin Graham Noel
Carly S. Conway
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

Louis A. Klapp
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-2712

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorneys for Defendant
Motorola Mobility, LLC*

January 7, 2019

# TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDING ................................................................. 1

II.   SUMMARY OF ARGUMENT ................................................................................................. 2

III.  LEGAL STANDARD ................................................................................................................ 3

IV.  ARGUMENT .............................................................................................................................. 3

    A.   A Stay Would Simplify The Issues .................................................................................. 3

    B.   The Case Is Still in Early Stages ...................................................................................... 4

    C.   A Stay Would Not Unduly Prejudice Plaintiffs ............................................................... 5

V.   CONCLUSION .......................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Celorio v. On Demand Books LLC*,
    No. 12-821-GMS, 2013 WL 4506411 (D. Del. Aug. 21, 2013) ................................................ 6

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
    201 F.R.D. 1 (D.D.C. 2005) ........................................................................................................ 4

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
    678 F.3d 235 (3d Cir. 2012) ....................................................................................................... 3

*Mann v. Brenner*, 375 Fed. Appx. 232 (3d Cir. 2010) ..................................................................... 4

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ............................................ 3, 6

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
    Nos. 12-1461-LPS, 13-335-LPS, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ....................... 3, 5

*St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*,
    No. 11-1305, 2012 WL 4321743 (D. Del. Sept. 20, 2012) ........................................................ 3

I. **NATURE AND STAGE OF THE PROCEEDING**

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A., (collectively, "Plaintiffs") filed this action against Defendant Motorola Mobility, LLC ("Motorola"), alleging infringement of U.S. Patent No. 6,161,134 ("the '134 Patent") under 35 U.S.C. § 271, *et seq*. On February 12, 2018, pursuant to Fed. R. Civ. P. 12(b)(6), Motorola moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. (D.I. 6, 7). Plaintiffs filed an Amended Complaint in response on March 2, 2018 (D.I. 10). Because Plaintiffs' Amended Complaint failed to cure the issues raised in Motorola's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Motorola filed a Motion to Dismiss the Amended Complaint, which remains pending. (D.I. 11, 12). The parties have begun claim construction briefing, with the *Markman* hearing currently scheduled for February 28, 2019. (*See* D.I. 46).

On December 26, 2018, pursuant to Fed. R. Civ. P. 12(b)(1), Motorola moved to dismiss the Amended Complaint with prejudice for lack of subject matter jurisdiction because Plaintiffs lacked constitutional standing at the time the Original Complaint was filed. (*See* D.I. 56–58). On December 11, 2018, in a futile attempt to cure their standing issues, Plaintiffs filed a Motion to Substitute Uniloc 2017 LLC ("Uniloc 2017") as Plaintiff under Fed. R. Civ. P. 25(c). (D.I. 50). Motorola opposed Plaintiffs' motion as untimely and futile. (D.I. 59). Plaintiffs do not contest that their motion is untimely, asserting only that Uniloc 2017 should get a chance to oppose the Motion to Dismiss. (*See* D.I. 63).

Motorola now moves for this case to be stayed at least until Motorola's Motion to Dismiss (D.I. 56–58) and Plaintiffs' Motion to Substitute (D.I. 50) are decided, in order to avoid unnecessary burden on the Court and the parties. Even if Motorola's Motion is denied and Plaintiffs' Motion is granted, a stay would prevent Motorola from further seeking discovery

1

from, and producing discovery to, the wrong entities, as even Plaintiffs admit that they "[no] longer ha[ve] any rights in the patent in suit," and that a third party, Uniloc 2017 LLC, purportedly is the patent owner.  (*See* D.I. 50, Foster Decl. ¶¶ 2-3).  Pursuant to Local Rule 7.1.1, counsel for Motorola made a reasonable effort to agree with counsel for Uniloc.  The parties discussed the issue via teleconference on January 4, 2018, but did not reach an agreement.

II. **SUMMARY OF ARGUMENT**

Plaintiffs should not be able to impose litigation burdens on Motorola at least until Motorola's Motion to Dismiss and Plaintiffs' Motion to Substitute are decided for the following reasons:

1. **Issues for trial will be simplified if the case is stayed.**  Because Motorola has moved to dismiss the case in its entirety, the costs and burden of discovery will be unnecessary if the Court grants Motorola's Motion to Dismiss.  Moreover, because Plaintiffs lack standing, allowing the case to proceed creates jurisdictional issues for purposes of claim construction and the resolution of discovery disputes.

2. **Case is in early stages.**  Although discovery has been open since June, Plaintiffs have produced fewer than 100 documents, most of which are directed to the topic of standing, no depositions have been taken, and the claim construction process has only just begun.

3. **No undue prejudice to the non-movant.**  Plaintiffs cannot show undue prejudice. Plaintiffs and Motorola are not competitors; rather, Plaintiffs are non-practicing entities asserting an expired patent.  Plaintiffs did not move for a preliminary injunction, waited seven months to file their Motion to Substitute, and would suffer no undue harm from delay.  By contrast, continuing discovery and litigation unnecessarily disrupts Motorola's operations and consumes its resources.

### III. LEGAL STANDARD

"A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's inherent power to conserve judicial resources by controlling its own docket." *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013) (internal quotations omitted). Courts "typically consider[] three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, Nos. 12-1461-LPS, 13-335-LPS, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). "In exercising discretion over whether to grant a motion to stay, courts may also consider whether the moving party would face undue hardship or inequity in the absence of a stay." *St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, No. 11-1305, 2012 WL 4321743, at *1 (D. Del. Sept. 20, 2012).

### IV. ARGUMENT

#### A. A Stay Would Simplify The Issues

The pending Motion to Dismiss (D.I. 56–58) is dispositive and addresses the very issue of the Court's jurisdiction in this case. Where, as here, Plaintiffs lack standing, the Court does not have subject matter jurisdiction over the case. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 246 (3d Cir. 2012) ("It is well-established that a plaintiff's Article III standing is a prerequisite for the federal courts to decide the merits of a suit."). Accordingly, allowing the case to proceed creates jurisdictional issues for purposes of claim construction and the resolution of discovery disputes. Moreover, given that Plaintiffs did not even have a right to bring this case in the first instance, continuing to pursue discovery in the

3

interim would result in a waste of time and money expended by the parties and the Court in addressing discovery disputes.  As the Third Circuit has stated, a stay is appropriate where "if the motion is granted, discovery would be futile."  *Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010) (affirming district court's stay pending resolution of motion to dismiss); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).  A stay of the litigation would conserve party and judicial resources, should the Court grant Motorola's Motion to Dismiss (D.I. 56–58).

Even if the Court were to deny Motorola's Motion to Dismiss and grant Plaintiffs' Motion to Substitute, a stay would prevent Motorola from wasting additional time and resources seeking discovery from, and producing discovery to, the wrong parties.  Plaintiffs allege that they are not the current owners of the patent-in-suit, and in fact have not been for the past seven months.  (*See* D.I. 50 at 1 ("In an Assignment that became **effective as of May 2018**, Uniloc Luxembourg, S.A. assigned all of its rights, interest, and title in the patent-in-suit, including the right to all causes of action, to Uniloc 2017 LLC.") (emphasis added)).  Thus, the first factor weighs in favor of a stay.

### B.  The Case Is Still in Early Stages

"Granting [] a stay early in a case can be said to advance judicial efficiency," especially when "most of the significant case events are well in the future . . . [and] [p]erhaps more significantly, discovery is in its nascent stages." *Princeton Digital*, 2014 WL 3819458, at *3–*4.  Here, although discovery has been open since June, Plaintiffs have produced fewer than 100

4

documents, most of which were on the topic of standing, no depositions have been taken, and the claim construction process has only just begun. Indeed, the bulk of fact discovery, expert discovery, and claim construction lie ahead, with discovery disputes already brewing. Thus, Motorola respectfully submits that this case is at the ideal stage for the Court and the parties to receive the full benefit of a brief stay pending resolution of Motorola's dispositive Motion to Dismiss and Plaintiffs' Motion to Substitute.

### C.  A Stay Would Not Unduly Prejudice Plaintiffs

As with the first two factors, the third factor as weighs in favor of a stay. Not only will a stay not *unduly* prejudice Plaintiffs, it will not meaningfully prejudice them at all. The stay Motorola requests will be short. Further, Plaintiffs are non-practicing entities, not competitors of Motorola, asserting an expired patent. In contrast, Motorola will be prejudiced by on-going litigation with parties who, by their own allegations, have no rights in the asserted patent, and by being subject to discovery and claim construction in a case without subject matter jurisdiction.

The only impact to Plaintiffs will be a potential short wait during the pendency of the Motion to Dismiss and the Motion to Substitute. Because Plaintiffs are not operating entities making commercial use of the patented method, let alone competitors of Motorola's, time is not critical. Instead, Plaintiffs are non-practicing entities asserting a patent for which any potential infringement damages stopped accruing on October 30, 2018, when the patent expired. Plaintiffs' own lack of urgency, both in filing suit and in filing their Motion to Substitute, underscores the fact that a stay would not unduly prejudice Plaintiffs. Because Plaintiffs are non-practicing entities asserting an expired patent that they seek to monetize via litigation, Plaintiffs did not seek a preliminary injunction against Motorola, and have not requested injunctive relief in any form. (*See* D.I. 10, Prayer for Relief). Plaintiffs' decision not to seek a preliminary injunction—even before the patent expired—underscores that the parties are not

"'direct competitors' such that this sub-factor should weigh against a stay." *Neste Oil*, 2013 WL 3353984, at *4. Because "the rationale behind the 'direct competitor' consideration—protection of market share and good will—are not implicated in this case," this Court should not consider that sub-factor. *Celorio v. On Demand Books LLC*, No. 12-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013).

This factor considers whether a stay would *unduly* prejudice the non-movant. Under the circumstances, delay itself cannot be a source of undue prejudice. Because the "risk[]" of "prolonging the final resolution of the dispute" is "inherent" in staying the case until a dispositive motion is decided, the "potential for delay" is "insufficient to establish *undue* prejudice." *Neste Oil*, 2013 WL 3353984, at *2 (emphasis in original). Moreover, Plaintiffs have not alleged—and cannot plausibly allege—that the "timing" of Motorola's Motion to Dismiss suggests any "dilatory intent." *Id*. Motorola filed its Motion to Dismiss the case in its entirety (D.I. 56–58) as soon as Motorola received the relevant documents from Plaintiffs, and in conjunction with its opposition to Plaintiffs' Motion to Substitute Uniloc 2017 as Plaintiff (D.I. 59). On the other hand, Plaintiffs waited seven months to file their Motion to Substitute after Uniloc 2017 was assigned the patent-in-suit. (*See* D.I. 50 at 1). Thus, Motorola is not attempting to use the motion to stay as a means of gaining a tactical advantage.

By contrast, Motorola would suffer "undue hardship" from immediate, potentially unnecessary, discovery. Motorola will continue to incur significant fees and costs to pursue and answer discovery in this case, which will only escalate as the parties continue to produce documents, begin depositions, address discovery disputes, etc. Moreover, as set forth in Motorola's Motion to Dismiss and Opposition to Plaintiffs' Motion to Substitute, this case was instigated by parties that had no standing to sue and therefore have no right to obtain discovery

from Motorola, or even continue this litigation against Motorola. On the flipside, only five months remain before the fact discovery cutoff. (*See* D.I. 46). In the absence of a stay, Motorola will lose the limited time left in discovery, only able to seek party discovery from entities asserting that they no longer have rights to the '134 Patent. This results in both inequity and undue hardship to Motorola, particularly when balanced against the limited duration of the stay being sought by Motorola. Thus, the third factor also favors a stay.

## V. **CONCLUSION**

For the foregoing reasons, Motorola respectfully requests the Court stay the litigation pending resolution of Motorola's Motion to Dismiss (D.I. 56–58) and Plaintiffs' Motion to Substitute (D.I. 50).

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | */s/ Jeremy A. Tigan* |
| | ───────────────────── |
| | Jack B. Blumenfeld (#1014) |
| | Karen Jacobs (#2881) |
| | Jeremy A. Tigan (#5239) |
| | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
| | Wilmington, DE 19899 |
| Martha Jahn Snyder | (302) 658-9200 |
| Anthony A. Tomaselli | jblumenfeld@mnat.com |
| Kristin Graham Noel | kjacobs@mnat.com |
| Carly S. Conway | jtigan@mnat.com |
| QUARLES & BRADY LLP | |
| 33 East Main Street, Suite 900 | *Attorneys for Defendant* |
| Madison, WI  53703 | *Motorola Mobility, LLC* |
| (608) 251-5000 | |
| | |
| Louis A. Klapp | |
| QUARLES & BRADY LLP | |
| 300 North LaSalle Street, Suite 4000 | |
| Chicago, IL  60654 | |
| (312) 715-5000 | |
| | |
| January 7, 2019 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 7, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Sean T. O'Kelly, Esquire<br>O'KELLY ERNST & JOYCE, LLC<br>901 North Market Street, Suite 1000<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Paul J. Hayes, Esquire<br>Kevin Gannon, Esquire<br>James J. Foster, Esquire<br>Aaron Jacobs, Esquire<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA  02110<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*
Jeremy A. Tigan (#5239)