IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 17-1658 (CFC) |
| MOTOROLA MOBILITY, LLC, | ) ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) ) | |

## MOTOROLA MOBILITY, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

OF COUNSEL:

Martha Jahn Snyder
Carly S. Conway
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
(608) 251-5000

Louis A. Klapp
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Tel: (312) 715-2712

*Attorneys for Defendant*
*Motorola Mobility, LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Defendant*
*Motorola Mobility, LLC*

Original Filing Date: January 16, 2019
Redacted Filing Date: January 31, 2019

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ..................................................................................................... 2

    A.   Plaintiffs Lacked Article III Standing at the Time of Filing ................................ 2

       1.   *Mann* does not support Plaintiffs' standing argument ................................ 2

       2.   Proper application of the law establishes that Plaintiffs lacked standing ........................ 4

       3.   Plaintiffs' inadmissible parol evidence cannot contradict the unambiguous terms of the ████ agreements .................................... 6

    B.   Dismissal with Prejudice Is Appropriate ........................................... 8

       1.   Plaintiffs concealed ██ ████ ████ long after its relevance was evident ............... 9

       2.   Plaintiffs concealed assignment of the '134 Patent to Uniloc 2017, disrupting Motorola's ability to take discovery of the proper parties ............................ 10

III.   CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Acceleration Bay v. Activision Blizzard*, No. 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017) ................................................................................................................ 5, 6

*Alexandria Coca-Cola Bottling Co. v. Coca-Cola Co.*, 637 F. Supaelp. 1220 (D. Del. 1984) ...... 6

*Alfred E. Mann Foundation for Science v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010)
..........................................................................................................................1, 2, 3, 4

*Aspex Eyewear v. Miracle Optics*, 434 F.3d 1336 (Fed. Cir. 2006) ........................................ 3, 4

*AssymetRx, Inc. v. Biocare Medical, Inc.*, 582 F.3d 1314 (Fed. Cir. 2009) ................................ 4

*Jarecki v. Shung Moo Louie*, 745 N.E.2d 1006 (2001)............................................................ 6, 7

*Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343 (Fed. Cir. 2016) ............... 2, 3, 4

*Morrow v. Microsoft*, 499 F.3d 1332 (Fed. Cir. 2007) ................................................................ 3

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967 (Fed. Cir. 2017). 9

*Prima Tek LLC v. A-Roo Co.*, 22 F.3d 1372 (Fed. Cir. 2000) ...................................................... 4

*Shred-It USA Inc. v. Mobile Data Shred*, 222 F. Supp. 2d 376 (S.D.N.Y. 2002)......................... 8

*WiAV Sols. LLC v. Motorola*, 631 F.3d 1257 (Fed. Cir. 2010) ........................................ 2, 3, 4, 5

## I.      INTRODUCTION

Motorola Mobility LLC's ("Motorola") Motion to Dismiss (D.I. 56–58) established, based on the unambiguous language of Plaintiffs' licensing agreements, the following facts:



Plaintiffs dispute *none* of these facts in their Opposition (D.I. 67). ███ held an unfettered right to grant any party—including Motorola—a license to the '134 Patent. Because ███ held this right at the time of filing, Plaintiffs lacked the right to exclude Motorola from the alleged infringement—a prerequisite for standing. Plaintiffs' only support for their claim of standing hinges on inadmissible parol evidence, and a misinterpretation of *Alfred E. Mann Foundation for Science v. Cochlear Corp.*, 604 F.3d 1354 (Fed. Cir. 2010). (*See* Opp., 4–7).

Because Plaintiffs lacked standing at the time of filing, their case must be dismissed, and dismissal should be with prejudice. Plaintiffs repeatedly misrepresented their rights in the '134 Patent, and concealed evidence reflecting the true division of those rights. Plaintiffs provide no explanation for this conduct, and instead improperly attempt to import an attorney declaration into their brief. (*See* Opp., 11; Foster Decl.). The declaration explains only that Plaintiffs paid no attention to the terms of their agreements ███ and misunderstood the legal significance of the rights they had granted. (*Id.*). This is no excuse—dismissal with prejudice is appropriate.

1

## II.   ARGUMENT

### A.  Plaintiffs Lacked Article III Standing at the Time of Filing

Plaintiffs do not contest that the right to exclude is an absolute prerequisite for standing. *See Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1347 (Fed. Cir. 2016) ("[O]nly parties with exclusionary rights to a patent may bring suit for patent infringement."). And Plaintiffs do not explain how a plaintiff can have the right to exclude an accused infringer if another party has an unfettered right to extend a license to that accused infringer. *See WiAV Sols. LLC v. Motorola*, 631 F.3d 1257, 1266 (Fed. Cir. 2010) (plaintiff "lacks standing to sue a party who has the ability to obtain such a license from another party with the right to grant it."). Here, the express language of ███████████████████████ gave ███████ an unfettered right to sublicense Motorola at the time Plaintiffs sued Motorola for alleged patent infringement. This eliminated Plaintiffs' right to exclude Motorola from practicing the '134 Patent. *See Luminara*, 814 F.3d at 1348 (plaintiff lacks standing to sue if a third party has an unfettered right to sublicense the accused infringer). While Plaintiffs acknowledged that constitutional standing requires the plaintiff to have suffered an injury-in-fact from the defendant's infringement (Opp., 2), Plaintiffs do not argue that they suffered—or even could have suffered—such an injury. Instead, Plaintiffs' rebuttal turns on a specious legal theory and inadmissible parol evidence.

#### 1.  *Mann does not support Plaintiffs' standing argument*

Plaintiffs cast aside the fundamental principles of standing based on a misreading of a single Federal Circuit case. *Mann* only analyzed the division of exclusionary rights between two entities—a patentee and exclusive licensee—not the issue presented here: whether a ***third*** entity holding an ***unfettered*** right to grant a sublicense to an accused infringer vitiates a plaintiff-owner's right to exclude that infringer. *See* 604 F.3d at 1359–60. Nothing in *Mann* "clarif[ied]" or changed the requirement that a plaintiff must hold exclusionary rights to have constitutional

2

standing. *See*, *e.g.*, *Morrow v. Microsoft*, 499 F.3d 1332, 1340–41 (Fed. Cir. 2007); *Luminara*, 814 F.3d at 1347; *WiAV*, 631 F.3d at 1265. *Mann* does not cite *Morrow*, let alone distinguish it. Subsequent case law continues to require a plaintiff to hold exclusionary rights to have constitutional standing to sue. *See*, *e.g*., *Luminara*, 814 F.3d at 1347 (citing both *Mann* and *Morrow*).

Even if *Mann* were relevant, it would not support Plaintiffs' argument. Plaintiffs read *Mann* as establishing a "default rule" that there "generally always" must be one entity that is a "CATEGORY ONE" plaintiff—that is, a plaintiff with standing to sue on its own. (Opp., 7–8). This "default" rule has no support in *Mann*, which held that there cannot be ***more than one*** entity with the right to sue on its own. 604 F.3d at 1359 ("[A] patent may not have multiple separate owners for purposes of determining standing to sue."). But it does not follow that there ***must be one*** entity with that right. (Opp., 7). *Mann* did not consider, much less resolve, that issue.

Further, nothing in *Mann* supports Plaintiffs' theory that a party maintains "CATEGORY ONE" status "unless and until he transfers 'all substantial rights' to another." (Opp., 7). *Mann* stands for ***the opposite*** proposition: when "all substantial rights" are divided between a patent owner and exclusive licensee, it may be that ***neither*** has "CATEGORY ONE" status that would enable one to sue in its name alone. The Federal Circuit held that, where an agreement conveys some, but not all, substantial rights to the patent-in-suit, it operates as an exclusive license rather than an as assignment. *Mann*, 604 F.3d at 1363. And the patent owner that conveys those rights does ***not*** retain the right to sue ***on its own***. *See Aspex Eyewear v. Miracle Optics*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) ("For the same policy reasons that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee."). *Mann* establishes that a patentee who no longer possesses "all substantial rights" is not a "CATEGORY ONE" plaintiff but—at most—a "CATEGORY TWO" plaintiff who cannot sue in its name, alone. And

Plaintiffs concede that "CATEGORY TWO status requires exclusivity." (Opp., 9). Plaintiffs lacked exclusivity because of ████████ unfettered right to sublicense the '134 Patent.

Nor does *Mann* support Plaintiffs' argument that "a right to sublicense" cannot deprive a patent owner of standing. (Opp., 7–9). Instead, *Mann* recognized that an unfettered sublicensing right could vitiate a patent owner's exclusionary rights. 604 F.3d at 1362; (D.I. 57, 14–15). The sublicensing right in *Mann*, however, was fettered: any sublicense was required to include "the payment of specified pass-through royalties to" the owner. 604 F.3d at 1358, 1362. So too was the sublicensing right in *Aspex*—although the appellees argued that the right to sublicense was "virtually unfettered," the Federal Circuit disagreed, finding that the "dominant factor" was the "provision limiting the term of the license." 434 F.3d at 1342–43; *see also AssymetRx, Inc. v. Biocare Medical, Inc.*, 582 F.3d 1314, 1320 (Fed. Cir. 2009) (licensee's sublicense rights limited by royalty sharing requirement).[1] Neither *Mann* nor any of the other cases cited by Plaintiffs eliminate the constitutional requirement of holding the right to exclude.

Lastly, Plaintiffs' argument is contradicted by their pleadings, which allege that **Uniloc USA**, not Uniloc Lux, held "all substantial rights" in the '134 Patent. (*See* D.I. 1, ¶ 9; D.I. 10, ¶ 6). But Plaintiffs' theory of standing turns on their contention that **Uniloc Lux** never lost "CATEGORY ONE" status because it never transferred all substantial rights. (Opp., 3, 7, 9–10).

### 2.   *Proper application of the law establishes that Plaintiffs lacked standing*

The Federal Circuit has indicated that a plaintiff lacks standing when a third party has an unfettered right to grant sublicenses to the defendant. *See*, *e.g.*, *WiAV*, 631 F.3d at 1266; *Luminara*, 814 F.3d at 1347. Contrary to Plaintiffs' assertions, and as confirmed by Judge Andrews in this District, these holdings are not dicta: "I do not think it is dicta . . . I think the

---

[1] *Prima Tek LLC v. A-Roo Co.* is irrelevant; the court dismissed the case for lack of standing because the licensee did not hold all substantial rights; the court did not hold that a party could sue absent exclusionary rights. 22 F.3d 1372, 1382 (Fed. Cir. 2000).

implication was that if the third parties had the ability to issue a license to defendants, then the plaintiff would not have standing to sue." *See Acceleration Bay v. Activision Blizzard*, No. 16-453-RGA, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017) (citing *WiAV*, 631 F.3d at 1267–68).

In *Acceleration Bay*, Boeing assigned patents to the plaintiff, but had previously granted a non-exclusive license to Sony that included the right to sublicense Sony's publishers within a certain field of use. *Id.* at *1–3. The defendants were Sony publishers within that field of use. *Id.* at *1. Because Sony had the right to license the defendants in the relevant field, the Court determined that the plaintiff "ha[d] not shown that it had the right under the patents to exclude the Defendants from engaging in the alleged infringing activity," and thus the plaintiff "lack[ed] standing to sue Defendants with respect to games covered by the Sony license." *Id.* at *3.



███ right to sublicense dictates the same result here. When Plaintiffs sued Motorola, ███ held an unfettered right to sublicense the '134 Patent to Motorola because ███ ████████████████████████████ (D.I. 57, 3–5). Plaintiffs cannot dispute that, upon the occurrence of such an event, ████████████████████████████ ████████████████. Thus, here, as in *Acceleration Bay*, a third party held a non-exclusive license that gave it the right to license the patent-in-suit, and that right extended to the accused infringer at the time suit was filed. And ████ sublicensing right is even broader than Sony's in *Acceleration Bay*, as ████ right is not limited to a field of use.

Plaintiffs complain that requiring exclusionary rights for standing to sue would render their patent unenforceable. (Opp., 10). But this is a predicament of Plaintiffs' own making. ███

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████ *See Acceleration Bay,* 2017 WL 3668597, at *3

("[A] patentee should not be allowed to enforce that which it surrendered.").

### 3. *Plaintiffs' inadmissible parol evidence cannot contradict the unambiguous terms of the* ██████ *agreements*

Plaintiffs offer a declaration ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████

*First,* ████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

---

[2] ███████████████████████████████████████████████████
████████████████████████████████████

[3] █████████████████████████████████ (Conway Decl., Ex. U, § 9.9; D.I. 58, Ex. B, § 12); *see VSI Sales v. Int'l Fid. Ins.*, No. CV 15-507-GMS, 2015 WL 5568623, at *2 (D. Del. Sept. 22, 2015); *see also Alexandria Coca-Cola Bottling Co. v. Coca-Cola Co.*, 637 F. Supp. 1220, 1226 n.34 (D. Del. 1984) (the parol evidence rule is a substantive, not procedural, rule of contract law).

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████ The

parol evidence rule prohibits using testimony in this way. *Jarecki*, 745 N.E.2d at 1009.

*Second*, ████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

*Third*, ██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

7

███████████████████████████████████████████

██████████████████████████████████████

*Fourth*, ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████

*Finally*, ████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

*See Shred-It USA Inc. v. Mobile Data Shred*, 222 F. Supp. 2d 376, 379 (S.D.N.Y. 2002).

**B.  Dismissal with Prejudice Is Appropriate**

Plaintiffs concealed for months their transfer of rights in the '134 Patent ████████ and

8

their assignment of the '134 Patent to a third party. Dismissal with prejudice is appropriate where, as here, the plaintiff has withheld and made misrepresentations about standing and ownership. *See Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, 676 F. App'x 967, 972 (Fed. Cir. 2017) (affirming dismissal with prejudice for lack of standing where patentee "did not present a consistent picture of ownership" and "at no point even made an attempt to explain the blatant inconsistencies in its previous positions on standing").

### 1. *Plaintiffs concealed the* ███████████ *long after its relevance was evident*

Rather than arguing against dismissal with prejudice, Plaintiffs merely offer a declaration from their counsel, James Foster, in an attempt to justify withholding the ███████████ for months, until November 7, 2018. (Opp., Foster Decl.). It does not excuse Plaintiffs' misconduct.

Mr. Foster claims that Plaintiffs did not know the ███████████ was relevant until October 25, when he was "surprised" by Apple filing a motion to dismiss for lack of standing in a related litigation asserting the '134 Patent against Apple (*Uniloc USA, Inc. v. Apple Inc.*, D.I. 135, No. 3:18-cv-00360-WHA (N.D. Cal.), "Apple Litigation"). (Foster Decl., ¶ 11). Yet, two months earlier, on August 21, Apple filed a discovery letter brief "regarding a foundational dispute in this patent case: who the proper parties are and whether Plaintiffs have Article III standing."[4] (Apple Litigation, D.I. 117). The brief sought "full discovery" relating to ownership, licensing, and transfer of rights in the patents-in-suit, including the '134 Patent. (*Id.*, 1–2). At a hearing on September 4, Plaintiffs were ordered to "produce all of this material . . . every single document, no redactions, so that the other side can trace the bundle of rights that every entity has or retained or assigned, how it got split up." (D.I. 58, Ex. T, 9:12–16). ███████████

████████████████████████████████████████████████████████████

---

[4] The ███████████ was also responsive to Motorola's discovery requests (served July 30, 2018) on financial interests in the patent. (D.I. 57, 7; Opp'n Mot. Sub., D.I. 59, 3–4).

████████████████████████████████████████████████████████

████████████████ (*See*, *e.g.*, D.I. 58, Ex. D). Apple's motion on October 25 was not a

surprise, but the culmination of months of discovery efforts and court intervention.[5]

### 2. *Plaintiffs concealed assignment of the '134 Patent to Uniloc 2017, disrupting Motorola's ability to take discovery of the proper parties*

Mr. Foster also fails to justify the two sets of disclosures in which Plaintiffs neglected to

even mention Uniloc 2017, months after the '134 Patent was allegedly assigned to Uniloc 2017.

(D.I. 57, 7). Rule 25(c) provides that an action "may be continued by or against the original

party" if an interest is transferred. This does not mean, as Mr. Foster suggests, that the original

parties have no duty to disclose information relating to the transfer, or that it occurred at all.

(Foster Decl., ¶ 7). Rule 26(a) disclosures and Delaware's Paragraph 3 disclosures both require

identification of individuals likely to have discoverable information and the subject matter of that

information. Yet Plaintiffs' disclosures failed to reflect the assignment of the '134 Patent to

Uniloc 2017. (D.I. 58, Exs. O, P). Rule 25(c) does not permit Plaintiffs to withhold relevant,

responsive information, or to induce Motorola to seek discovery from the wrong entities for

months.

## III.   CONCLUSION

Motorola respectfully requests the Court dismiss this action with prejudice.

---

[5] Even after Apple's motion to dismiss, Plaintiffs still represented that they had produced documents "sufficient to establish which entities own which rights, and etc." before finally producing the ████ license. (D.I. 58, Ex. S).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
jtigan@mnat.com

OF COUNSEL:

Martha Jahn Snyder
Carly S. Conway
Bryce A. Loken
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI  53703
(608) 251-5000

Louis A. Klapp
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
Tel: (312) 715-2712

January 16, 2019

*Attorneys for Defendant
Motorola Mobility, LLC*

11