IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNILOC USA, INC. AND UNILOC LUXEMBOURG, S.A.<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA MOBILITIY, LLC<br><br>Defendant. | Civil Action No. 17-1658-CFC |

## **MEMORANDUM ORDER**

Having considered the merits of Defendant's Motion to Stay Pending Resolution of Motion to Substitute and Motion to Dismiss (D.I. 64) ("Stay Motion") and the briefs filed by the parties in connection with that motion, it is HEREBY ORDERED that Defendant's Stay Motion is GRANTED for the following reasons:

1. Plaintiffs filed their original complaint on November 15, 2017. D.I. 1. On December 12, 2017, Defendant filed a motion to dismiss (D.I. 6). Plaintiffs then filed an amended complaint (D.I. 10). Defendant then filed its Motion

to Dismiss Uniloc's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6) (D.I. 11). That motion to dismiss is pending before the Court.

2. On December 11, 2018, Plaintiffs filed their Motion Under FED. R. CIV. P. 25 to Substitute New Patent Owner Uniloc 2017 LLC as Plaintiff (the "Substitution Motion") D.I. 50. Defendant opposed the Substitution Motion as untimely and futile. *See* D.I. 59.

3. On December 26, 2018, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Standing Motion") pursuant to FED. R. CIV. P. 12(b)(1). D.I. 56. Defendant argues in the Standing Motion that the Court lacks subject matter jurisdiction over this action because Plaintiffs did not have constitutional standing to file the suit at the time they filed the original complaint.

4. On January 7, 2019, Defendant filed the Stay Motion. Defendant argues that a stay of the case until the Court decides the pending Substitution Motion and Standing Motion would "avoid unnecessary burden on the Court and the parties" and "would prevent Motorola from further seeking discovery from, and producing discovery to, the wrong entities, as even Plaintiffs admit that they '[no] longer ha[ve] any rights in the patent in suit[.]'" D.I. 65 at 1–2 (first and second alterations in original; third alteration added). In support of its stay request, Defendant argues that a stay would simplify the issues to

2

be litigated and cause no undue prejudice to Plaintiffs. *Id.* at 3–4, 5–7. Defendant notes further that the case is still in the early stages and that Plaintiffs have produced fewer than 100 documents, depositions have not begun, and the Court has not yet held a *Markman* hearing. *Id.* at 4–5.

5. In their response to the Stay Motion, Plaintiffs do not dispute that a stay would simplify the issues; nor do they dispute that the case is in the early stages or that they would suffer no prejudice if the Court granted Defendant's stay request. Instead, Plaintiffs (1) attached to their response a copy of a non-binding decision by a district court in California that, according to Plaintiffs, addresses the arguments raised in the pending Substitution Motion and Standing Motion (D.I. 72–1, Ex. A); and (2) cited in a footnote a non-binding decision of a district court in Utah for the unremarkable proposition that a party "is not entitled to a stay by merely filing a dispositive motion and then claiming it is highly likely the motion will be successful" (D.I. 72 at 1 n.1) (internal quotation marks and citation omitted).

6. Because it is undisputed that this case is in the early stages of discovery and that a stay would simplify the issues and not cause Plaintiffs undue prejudice, the Court will stay the case pending the resolution of the Substitution Motion and Standing Motion. *See Princeton Digital Image*

3

*Corp. v. Konami Digital Entm't Inc.*, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014).

WHEREFORE, it is **HEREBY ORDERED** that Defendant's Motion to Stay Pending Resolution of Motion to Substitute and Motion to Dismiss (D.I. 64) is **GRANTED** and the case is **STAYED** pending resolution of Plaintiffs' Motion Under FED. R. CIV. P. 25 to Substitute New Patent Owner Uniloc 2017 LLC as Plaintiff (D.I. 50) and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (D.I. 56).

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　CONNOLLY, UNITED STATES DISTRICT JUDGE

February 11, 2019
Wilmington, Delaware

4