

Sean T. O'Kelly, Esquire
sokelly@oelegal.com
Direct: (302) 778-4001

November 3, 2020

**VIA ELECTRONIC FILING**

The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801

      Re:    *Uniloc USA, Inc. and Uniloc Luxembourg, S.A. v. Motorola Mobility, LLC*
             C.A. No. 1:17-cv-01658-CFC

Dear Judge Connolly:

Uniloc Luxembourg and Uniloc USA ("Legacy Plaintiffs") respond to the questions in this Court's Order of October 27 (D.I. 100) in inverse order.

**1.   Standing on November 15, 2017**

On May 16, 2017, Hewlett-Packard conveyed to Uniloc Luxembourg the ownership of the patent-in-suit and the right to sue for past infringement. D.I. 58, Ex. K at §2.1. Before filing this action, Uniloc Luxembourg granted an exclusive license to Uniloc USA. D.I. 58, Ex. L. This license also included the right to sue for past infringement. *Id*., ¶5.

The security interest in its patents that Uniloc Luxembourg granted to Fortress Credit Co LLC in 2014 as part of Fortress's loan to Uniloc Luxembourg, D.I. 58-1, Ex. A, at ¶2.8, included a nonexclusive right to sublicense that could be exercised only following an event of default. D.I. 58-1, Ex. B, at ¶2. There was no event of default, but, even if there had been and Fortress had thereby obtained a non-exclusive right to sublicense Uniloc Luxembourg's patents, Fortress could only sublicense patents that Uniloc Luxembourg owned. Thus, the earliest Fortress could have obtained the right to sublicense the patent-in-suit would have been the date Uniloc Luxembourg acquired it, May 16, 2017.

Fortress's rights in the event of a default *did not include any right to forgive infringement that preceded the grant of the sublicense. Id*. Thus, even if Fortress had obtained the right to grant a sublicense to the patent-in-suit, and had granted a sublicense, that sublicense would have been prospective only— i.e., from May 16, 2017 forward. Even under Motorola's legal theory, a sublicense right to Fortress arising on May 16, 2017 would not have prevented Legacy Plaintiffs from suing Motorola for acts of infringement that had occurred prior to the date of that purported grant, May 16, 2017.

So on November 15, 2017, the date this action was filed, even under Motorola's legal theory Legacy Plaintiffs (and no other entity) had standing to sue for infringement that had occurred before May 16, 2017.

### 2. Current standing

On May 3, 2018, Uniloc Luxembourg assigned the patent-in-suit to Uniloc 2017 LLC, including all causes of action and other enforcement rights. D.I. 58, Ex. N, §1. Also on that date, Uniloc Luxembourg and Uniloc USA terminated the exclusive license, D.I. 57, at 7, and Uniloc Luxembourg and Fortress terminated Fortress's rights to sublicense. D.I. 58, Ex. J. By November 17, 2018, Uniloc 2017 owned all rights in the patent-in-suit, including the rights being pursued in this action, and Legacy Plaintiffs no longer had an interest in the patent or in this action. D.I. 72-1, at 8-9.

By virtue of this transfer of interest, Uniloc 2017 acquired, and currently possesses, standing to sue for Motorola's infringement that occurred before May 16, 2017.

Because Uniloc 2017 now possesses all rights in the patent, including those asserted in this action, Legacy Plaintiffs moved to substitute Uniloc 2017 as a plaintiff under FRCP 25(c). D.I. 50.

The Federal Circuit has already ruled Uniloc 2017 has succeeded to the rights of the Legacy Plaintiffs and has standing to assert their former rights in continuing litigation. *Uniloc USA, Inc. v, ADP, LLC*, 772 Fed. Appx. 890, 893-94 (Fed. Cir. 2019).

### 3. Comments

While Legacy Plaintiffs have attempted to answer the Court's questions as posited, they respectfully submit the questions are based on a false premise, namely, that none of the Uniloc entities have held exclusionary rights since May 16, 2017. In this regard, the Northern District of California, under the same facts underpinning Motorola's motion, held that even if it were assumed events of default had occurred, they were annulled, as evidenced by Fortress's choosing "to execute a third amendment to the revenue sharing agreement … on May 15, 2017 (one day before Uniloc Luxembourg acquired the JHP patents)." D.I. 72-1 at 6.

As discussed above, even under Motorola's legal theory, when this action was filed Legacy Plaintiffs had constitutional standing to pursue damages for Motorola's past infringement. The motion to dismiss must thus be denied. To the extent, if at all, the Court were to find that, as of the date of filing, Legacy Plaintiffs did not have constitutional standing as to *post-complaint* infringement, any such defects would have since been cured when all rights were centralized in Uniloc 2017. Where the Court has jurisdiction over an action as of the filing date, subsequently arising issues with standing can be cured during the action. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203-04 (Fed. Cir. 2005).

Respectfully,

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)

cc:   All counsel of record (via CM/ECF)

## CERTIFICATION OF COUNSEL

I, Sean T. O'Kelly, hereby certify that this letter brief complies with the typeface requirement because it has been prepared in Times New Roman 12-point typeface using Microsoft Word 365. This letter brief complies with the type-volume limitation because it contains 750 words, which were counted by Microsoft Word 365.


Dated: November 3, 2020                          **O'KELLY & ERNST, LLC**

                                                 */s/ Sean T. O'Kelly*
                                                 Sean T. O'Kelly (#4349)
                                                 824 N. Market St., Suite 1001A
                                                 Wilmington, DE 19801
                                                 Telephone: (302) 778-4000
                                                 sokelly@oelegal.com