IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1658 (CFC) |
| | ) | |
| MOTOROLA MOBILITY LLC, | ) | **REDACTED - PUBLIC FILING** |
| | ) | |
| Defendant. | ) | |

## <u>MOTOROLA'S RESPONSE ON STANDING QUESTIONS</u>

In response to the Court's Order posing questions regarding standing to sue on

U.S. Patent No. 6,161,134 ("the '134 Patent") (D.I. 100), Defendant, Motorola

Mobility LLC ("Motorola"), provides the following:

**1.** As a threshold matter, if none of the Uniloc entities have had

exclusionary rights in the '134 Patent since May, 2017—including on November 15,

2017—then the named plaintiffs lacked constitutional standing when filing the

Complaint and this suit must be dismissed. Fed. R. Civ. P. 12(h)(3); *Morrow v.

Microsoft*, 499 F.3d 1332, 1340-41 (Fed. Cir. 2007); *WiAV Solutions v. Motorola,

Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010). Lack of constitutional standing cannot be

cured—not by belatedly restoring exclusionary rights in the named plaintiffs or by

adding or substituting plaintiffs. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d

**Original Filing Date: November 3, 2020**
**Redacted Filing Date: November 10, 2020**

1359, 1364 (Fed. Cir. 2010). Because this is a threshold jurisdictional inquiry that may dispose of the case, Motorola respectfully requests the Court resolve it first.

Should Uniloc pass the threshold inquiry, Motorola cannot definitively say who *currently* has standing to sue on the '134 Patent without additional discovery. After the February 2019 stay, the parties stopped exchanging discovery. Based on what was previously exchanged, the named plaintiffs claim to have ██████████ ████████████████████ ███████████████████████ ███████████████████ (Declaration of Martha Snyder, Ex. 7; D.I. 58, Ex. J). ██████████████████████████ ████████ (*see* D.I. 58, Exs. M & N), ████████████████████ ████████████████████████ (Snyder Decl., Exs. 1-2), ██████████████████████ (*id.*, Exs. 3-4). ████████ ████████████████████████████████ ███████████████████████████ (*Id.*, Exs. 5 & 6).

Given this activity, Motorola needs additional discovery to understand the transactions, transfers, and current commitments regarding the '134 Patent. As evidenced by the Fortress relationship, something as apparently innocuous as a financing arrangement can serve to undermine constitutional standing. As previewed

at the hearing, Apple has continued to conduct discovery on standing in its cases.[1] At minimum, the named plaintiffs should be ordered to turn over that discovery and/or permit Apple to do so. Once reviewed, if there are questions as to which, if any, Uniloc entity currently has standing—both constitutional and statutory—Motorola requests an opportunity to conduct additional discovery without impacting the current stay.

    **2.**    On November 15, 2017, none of the Uniloc entities had constitutional standing to sue for alleged infringement occurring before—or after—May 16, 2017.

    As detailed in Motorola's briefing, on November 15, 2017, ███████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ (*See* D.I. 57, at 4-6, 10-16; D.I. 68, at 1-2, 5-6). Fortress's right to have issued Motorola a sublicense at the time that the named plaintiffs sued Motorola prevented the named plaintiffs from holding sufficient exclusionary rights to have constitutional standing. *WiAV Solutions*, 631 F.3d at 1266. Fortress could not have been included as a plaintiff to fill the gap in Uniloc's rights because Fortress held no *exclusionary* rights. *Morrow*, 499 F.3d at 1340–41. Thus, there was no combination of entities in November 2017 that could have

---

[1] *See Uniloc USA, Inc., et al. v. Apple, Inc.*, 3:18-cv-358, Dkt. 133 (Jan. 29, 2020 N.D. Cal.).

properly sued Motorola on the '134 Patent, whether for damages allegedly accrued before or after May 16, 2017.

This was a situation of Uniloc's own making.[2] The Uniloc entities could have structured the Fortress relationship differently and/or ensured that they did not trigger Fortress's right to sublicense. Alternatively, when their lack of standing was uncovered, the named plaintiffs could have dismissed, resolved the standing issues, and refiled as entities properly possessing exclusionary rights. They did not.

As a result, the Court should dismiss this lawsuit because the named plaintiffs lacked standing at the time of filing, regardless of whether any entities have standing currently.

---

[2] There was nothing inadvertent about the creation of Fortress's rights to Uniloc's patent portfolio: ███████████████████████████████████████████

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 North Market Street
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
jtigan@mnat.com

OF COUNSEL:

Martha Jahn Snyder
Anthony A. Tomaselli
Kristin Graham Noel
QUARLES & BRADY, LLP
33 East Main Street, Suite 900
Madison, WI  53703
Tel.: (608) 251-5000

November 3, 2020

*Attorneys for Defendant
Motorola Mobility, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

Motorola's Response on Standing Questions complies with the Court's November 6, 2019 Standing Order. This submission was prepared using 14-point Times New Roman font. According to the word processing system used to prepare this document, this submission contains 749 words. This total excludes the caption, signature block, certificate of compliance, and certificate of service.

*/s/ Jeremy A. Tigan*

_____

Jeremy A. Tigan (#5239)