

**Thomas H. Kramer, Pharm.D., Esq.**
tkramer@oelegal.com
**Direct: (302) 426-2136**

November 13, 2020

**VIA CM/ECF ELECTRONIC FILING**
The Honorable Colm F. Connolly
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re: *Uniloc USA, Inc.et al v. Motorola Mobility, LLC*, C.A. No. 1:17-cv-01658-CFC

Dear Judge Connolly:

      Uniloc Luxembourg and Uniloc USA ("Legacy Plaintiffs") oppose Motorola's request, D.I. 106, to file a response supplementing its previous submission, D. I. 101.

      On October 27, 2020, the Court invited the parties to submit letter briefs addressing two questions. D. I. 100. In particular, the Court asked which of the Uniloc entities had standing on November 15, 2017 (the date this action was filed) to sue for infringement that occurred before May 16, 2017 (the date the Uniloc entities acquired the patent-in-suit). The Court's inquiry was clearly directed to the question of who had standing to sue for *past* infringement, *i.e.*, infringement that occurred before Hewlett-Packard assigned the patent. Motorola had its opportunity to provide a complete answer; it failed to do so and should not be given a mulligan.

      But if the Court allows Motorola's further submission, Legacy Plaintiffs submit the following response:

      As previously argued, Fortress would have had no right to sublicense until May 16, 2017, the date the patent was assigned to Legacy Plaintiffs. But Motorola, in its Response, asks the Court to read into the Patent License document a right to issue a "retroactive" sublicense, which would take away from Legacy Plaintiffs their right to obtain damages for past infringement. There are various problems with Motorola's argument.

      In the drafting of legal documents, the term customarily used to absolve liability for past infringement is "release." By contrast, a "license" is regarded as prospective. *Waterloo Furniture Components v. Haworth, Inc.*, 467 F.3d 641, 647 (7th Cir. 2006) ("Courts have recognized the prospective quality of a patent license, which allows another party to use the patentee's property in the future without fear of suit."); *Wang Labs, Inc. v. Oki Elec. Ind. Co., Ltd.,* 15 F. Supp. 2d 166, 172 (D. Mass. 1998) ("the concepts of both royalty and license are necessarily prospective,

rendering a 'retroactive royalty agreement' a legal nullity"); *Universal Oil Prods. v. Vickers Petroleum Co. of Del.*, 19 A.2d 727, 729 ("It is somewhat difficult to understand what is meant by a 'retroactive implied license.' A license in its very nature is prospective in operation"). Motorola posits no reason why the parties to the Patent License would have departed from convention in drafting it.

Further, nothing in the Patent License itself, or in the circumstances underlying it, would suggest the parties to that document intended to include a "retroactive" component to the right to sublicense, which would only arise in the event of default. If anything, the opposite conclusion would be reached, because issuing a "retroactive" sublicense would only make the situation worse by taking away any right, by anyone, to recover for past infringement. Further, doing so would be "imposing financial … restrictions" on the patent owner, and thus require the patent owner's prior written approval to the issuing of a sublicense. D.I. 58, Ex. B, § 2.2(x). That would undermine Motorola's argument there was an "unfettered" right to sub-license.

Motorola nevertheless argues the Court should read in a right to issue a "retroactive" sublicense because "there would be no [other] reason for the Agreement to extend past patent expiration," as provided by §5.2. To the contrary, the reason §5.2 extends the Agreement to the date on which "all statutes of limitations have fully run for bringing infringement claims" is to extend the period during which §4 of the Agreement gives Licensor the sole right to bring infringement actions.

Respectfully submitted,

/s/ Thomas H. Kramer
Thomas H. Kramer

cc: All counsel of record