

Sean T. O'Kelly, Esq.
sokelly@okorlaw.com
**Direct: (302) 478-4001**

March 12, 2021

**<u>BY CM/ECF</u>**
The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

  Re: *Uniloc USA, Inc., et al. v. Motorola Mobility, LLC*
     C.A. No. 1:17-cv-01658-CFC

Dear Judge Connolly:

  Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. respectfully submit the attached pleadings and exhibits as replacements for redacted and/or sealed pleadings and exhibits previously filed with the Court. Also attached are pleadings that were included with defendant Motorola Mobility LLC's ("Motorola") motion to dismiss which were never designated for filing under seal, but which Motorola neglected to file in the public record.

  As explained in my letter of July 2, 2020, *see* Dkt. No. 90, the parties submitted confidential Uniloc and third-party documents and information in the course of defendant Motorola's motion to dismiss for lack of subject matter jurisdiction, *see* Dkt. No. 57. Motorola's motion was almost entirely based upon a similar motion previously filed by Apple Inc. ("Apple"), in a series of related cases in the Northern District of California; indeed, Motorola's motion included mostly just a subset of the exhibits that Apple used. *See Uniloc USA, Inc., et al. v. Apple Inc.*, No. 3:18-cv-00360-WHA, Dkt. No. 135 (N.D. Cal. Oct. 25, 2018).

  As with Motorola's motion, the parties in the *Apple* case filed the materials either with redactions or under seal. The *Apple* court rejected the parties' requests to redact and seal, and ordered that *everything* be unsealed. *See Uniloc USA, Inc., et al. v. Apple Inc.*, No. 3:18-cv-00360-WHA, Dkt. No. 233 (N.D. Cal. Dec. 22, 2020). Uniloc filed an interlocutory appeal as to the issue of sealing these materials. The Federal Circuit heard that appeal on April 8, 2020, and issued an opinion on July 9, 2020. *See Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351 (Fed. Cir. 2020). In short, the Federal Circuit concluded that the *Apple* court had not abused its discretion in refusing to seal information associated solely with Uniloc. But, the Federal Circuit concluded that the *Apple* court had not considered the interests of the third-parties whose information was also disclosed, and so remanded to the Northern District of California for such consideration.

  On remand, the *Apple* court once again ruled that everything should be put into the public record. In an effort to protect the interests of its third-party licenses, Uniloc appealed that decision, *see* Appeal Nos. 2021-1568 *et seq.* (Fed. Cir.), and its opening brief is currently due on March 26, 2021.

  As noted in my July 2, 2020, letter, most of the information that had been filed under seal in this Court had already been put into the public record in California, even before the Federal

Circuit's order.  However, following that order, a few additional items were added to the public record.  Uniloc hereby adds the same documents and information to the public record in this Court.

All of the exhibits (A through T) accompanying Motorola's motion to dismiss were filed as three attachments to the Conway Declaration.  *See* Dkt. Nos. 58-1 to 58-3.  Those blocks of exhibits included both documents to be sealed and documents which no party sought to seal.  For whatever reasons, the unsealed documents were not added to the public record.  Uniloc does so here.

The few remaining items that are still sealed or redacted fall in two groups.  First, there are those materials that are the subject of Uniloc's appeal to the Federal Circuit from the *Apple* cases.  Whatever direction the Federal Circuit gives with respect to those materials in California will be mirrored in this District.  Second, there are pages of documents that Motorola included with its motion that neither Motorola nor Apple ever cited anywhere in their briefs, and that this Court did not appear to consider in issuing its December 30, 2020, Memorandum Opinion granting Motorola's motion.[1]  These portions of documents were needlessly included with Motorola's motion—indeed, they *should not* have been included with Motorola's motion—and so need not be unsealed.

Respectfully,

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)

cc:   All counsel of record (via CM/ECF)

Enclosure

---

[1] For example, Apple and Motorola both based their Exhibit Fs on the same 57-page Uniloc document.  Apple filed only pages 1 and 21 of this document, as those were the only pages Apple cited.  Motorola also only cited pages 1 and 21, but Motorola filed the entire document as an exhibit.  As another example, Apple and Motorola both based their Exhibit Gs on the same 202-page Uniloc document.  Apple filed pages 176, 190 and 200, as those were the pages upon which Apple relied.  Motorola filed the last twenty-seven pages of the document, even though it also only relied upon pages 176, 190 and 200.