# EXHIBIT X

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

**KASPERSKY LAB, INC.**

Petitioner,

v.

**UNILOC USA, INC. AND**

**UNILOC LUXEMBOURG S.A.**

Patent Owner.

_____

Case No.: IPR2014-XXXX

_____

**PETITION FOR *INTER PARTES* REVIEW OF**
**U.S. PATENT NO. 5,490,216**

Petition for *Inter Partes* Review of U.S. Patent 5,490,216

# Table of Contents

**Table of Contents** ................................................................................................... ii

**Proof of Service of the Petition** ............................................................................. iv

**List of Evidence and Exhibits Relied Upon in the Petition** ................................... v

1. **Introduction** ..................................................................................................... 1
2. **Filing Requirements** ....................................................................................... 2
   - 2.1   Real Party in Interest ............................................................................ 2
   - 2.2   Related Matters ..................................................................................... 3
   - 2.3   Lead and Back-Up Counsel .................................................................. 3
   - 2.4   Service Information .............................................................................. 3
   - 2.5   Payment of Fees ................................................................................... 4
   - 2.6   Grounds for Standing ........................................................................... 4
   - 2.7   Precise Statement of Relief Requested ................................................ 4
3. **Technology Overview** .................................................................................... 5
   - 3.1   Hellman ................................................................................................ 7
   - 3.2   Moseley .............................................................................................. 10
   - 3.3   Johnson .............................................................................................. 12
   - 3.4   Waite .................................................................................................. 14
4. **The '216 Patent** ............................................................................................ 15
5. **Proposed Claim Construction** ...................................................................... 19
   - 4.1   Means-Plus-Function Limitations ...................................................... 20
   - 4.2   Other Claim Elements ........................................................................ 21
6. **Argument: Claim 19 of the '216 Patent is invalid due to obviousness** ........ 22
   - 6.1   Person of Ordinary Skill in the Art .................................................... 22
   - 6.2   Ground 1: Claim 19 is Unpatentable under 35 U.S.C. § 103 over U.S. Patent 4,658,093 (Hellman) in view of U.S. Patent No. 5,103,476 (Waite) ................................................................................................. 23

Petition for *Inter Partes* Review of U.S. Patent 5,490,216

    6.3    Ground 2: Claim 19 is Unpatentable under 35 U.S.C. § 103 over U.S. Patent 4,658,093 (Hellman) in view of Mehnert ...................................... 28

    6.4    Ground 3: Claim 19 is Unpatentable under 35 U.S.C. § 103 over U.S. Patent 4,779,224 (Moseley) in view of U.S. Patent 5,023,907 (Johnson) ................................................................................................... 32

**7. Conclusion** .......................................................................................................... 35

**8. Proposed Statements of Material Facts** ....................................................... 37

1. **Introduction**

 Claim 19 of the '216 Patent recites a remote registration station as part of a software-authorization system. The system authorizes software use by generating a unique user ID locally and remotely. If the local and remote IDs match, the software is unlocked for use.

> A remote registration station incorporating remote licensee unique ID generating means,
>
> said station forming part of a registration system for licensing execution of digital data in a use mode, said digital data executable on a platform,
>
> said system including local licensee unique ID generating means,
>
> said system further including mode switching means operable on said platform which permits use of said digital data in said use mode on said platform only if a licensee unique ID generated by said local licensee unique ID generating means has matched a licensee unique ID generated by said remote licensee unique ID generating means; and
>
> wherein said remote licensee unique ID generating means comprises software executed on a platform which includes the

construction are that the inputs include something uniquely associated with the user and that a summation algorithm generates the output. Such a scheme is obvious under Hellman in view of either Waite (Ground 1) or Mehnert (Ground 2), or under Moseley in view of Johnson (Ground 3).

Petitioner has met the statutory requirement that this petition shows "that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. §314(a). Petitioner therefore respectfully requests that the Board institute the *inter partes* review and declare the claim 19 of the '216 Patent to be unpatentable.

Dated: October 28, 2014                            Respectfully submitted,

/Casey A. Kniser/
Casey A. Kniser
Reg. No. 57,461
Attorney for Petitioner